ROBERT S. SNIPES *v.* STATE OF INDIANA.

[No. 274S45. Filed February 28, 1974.]

*Rice & Vanstone* by *William E. Weikert,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

GIVAN, J.—Appellant has petitioned this Court to grant transfer from a decision of the Court of Appeals affirming his conviction of the offense of armed robbery.

The opinion of the Court of Appeals contains the erroneous statement that "robbery is not a 'specific intent' crime."

This Court has recently stated that all of the common law *malum in se* crimes have always included the *mens rea* as an element. *Gregory* v. *State* (1973), 259 Ind. 652, 291 N. E. 2d 67, 34 Ind. Dec. 593.

The question in the case at bar arose because of the giving of the State's Tendered Instruction No. 3 which reads as follows:

"Voluntary use of drugs will not excuse crime. If the defendant was using drugs it was his own fault and he can not claim any immunity by reason of such use. It was his duty to keep from using drugs, and if he voluntarily permitted himself to become intoxicated from drugs, and while so intoxicated commited the crime charged, he is guilty and should be punished precisely the same as though he had been sober. It is not the law that a man may voluntarily become intoxicated and commit crime and escape punishment by reason of such intoxication. One cannot use his own voluntary intoxication to escape the consequences of his acts while so intoxicated."

The above instruction was taken from the case of *Madden* v. *State* (1970), 254 Ind. 628, 632, 261 N. E. 2d 847, 22 Ind. Dec. 591, where this Court quoted the above language with approval.

The correct statement of the law in Indiana concerning voluntary intoxication as a defense was set out in *Emler* v. *State* (1972), 259 Ind. 241, 286 N. E. 2d 408, 412, 32 Ind. Dec. 337, 341, and reads as follows:

"Normally voluntary intoxication is not a defense in a criminal proceeding. In order for intoxication to relieve appellant from responsibility the crime charged must have involved specific intent and he must have been so intoxicated as to be incapable of entertaining the required specific intent."

The *Madden* case is, therefore, specifically overruled for the reason that the above quoted instruction therein approved is erroneous in that it fails to state that intoxication may be a defense, if the defendant was so intoxicated as to be unable to form the specific intent necessary for the commission of a crime.

In the case at bar the objection of the appellant to the giving of State's Instruction No. 3 was not ideal, but it was sufficient to call the court's attention to the fact that the instruction was not correct notwithstanding the erroneous statement in *Madden, supra.*

Transfer is, therefore, granted. The trial court is reversed and is directed to grant the appellant's motion for a new trial.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 307 N. E. 2d 470.