**Gail HAUGER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1278S290.**

Supreme Court of Indiana.

June 10, 1980.

Harriette Bailey Conn, Public Defender, David P. Freund, Kurt A. Young, Deputy Public Defenders, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Gail Hauger was charged in Sullivan Circuit Court with burglary, Ind.Code § 35–43–2–1 (Burns 1979 Repl.), and theft, § 35–43–4–2. He was found guilty by a jury on both counts. The trial court sentenced him to twenty years on the burglary count and to four years on the theft count. Appellant raises four issues for our consideration, concerning: (1) whether the trial court erred in allowing the prosecutor to ask appellant questions on cross-examination concerning prior convictions; (2) whether the trial court erred in refusing two of appellant's tendered instructions; (3) whether the evidence is sufficient to sustain the conviction; and (4) whether the trial court erred in imposing the maximum sentence allowed by statute.

## I.

■ Appellant first contends the trial court erroneously allowed the prosecutor to ask improper questions on cross-examination. As appellant's direct testimony was drawing to a close, his counsel asked him, in seven separate questions, whether he had ever been convicted of robbery, burglary, arson, fraud, kidnapping, murder, or treason. Appellant answered "No" to each question. On cross-examination, the prosecutor established, over objection, that appellant had been convicted of assault on a police officer, theft on two occasions, and escape. Appellant now contends these questions were improper under the rule of *Ashton v. Anderson*, (1971) 258 Ind. 51, 279 N.E.2d 210.

We think, however, that this evidence, like the evidence defense counsel adduced on direct examination, related to appellant's character, not his credibility. By establishing that appellant had never been convicted of the crimes mentioned, which included burglary, the crime charged in the present case, appellant was attempting to present himself as a person of good character, one unlikely to have committed the charged crime. Once the defendant placed his character in issue in this manner, the prosecutor had a right to present evidence of his bad character. In this situation, *Ashton v. Anderson, supra,* does not apply. There is no error here. *Robertson v. State,* (1974) 262 Ind. 562, 319 N.E.2d 833.

## II.

■ Appellant next argues the trial court erroneously refused two of his tendered instructions. His tendered final instruction number three reads as follows:

"Proof by circumstantial evidence must not only coincide with the hypothesis of guilt, but must be of so conclusive a character, and point so surely and unerringly to the guilt of the accused as to exclude every hypothesis of innocence."

Tendered final instruction number four states:

"In order to sustain a conviction for burglary on circumstantial evidence alone, circumstantial evidence must be such as to preclude all other reasonable inferences of defendant's innocence and must be such that the trier of facts may reasonably and naturally infer to a moral certainty the existence of fact sought to be proven."

Appellant argues that these instructions met the three-part test of *Davis v. State,* (1976) 265 Ind. 476, 355 N.E.2d 836, and, therefore, should have been given. The *Davis* case pointed out:

"In considering whether any error results from refusal of a tendered instruction we must determine: (1) whether the tendered instruction correctly states the law; (2) whether there is evidence in the

record to support the giving of the instruction; [and] (3) whether the substance of the tendered instruction is covered by other instructions which are given."

*Id.* at 478, 355 N.E.2d at 838 (citations omitted).

In the case before us, we find that the third part of this test has not been met. State's tendered final instruction number six, which was given by the trial court, also deals with the concept of circumstantial evidence. That instruction states:

"Evidence may be either direct or circumstantial. Direct evidence is evidence of a particular fact or circumstance which forms a subject of judicial investigation. Circumstantial evidence is evidence of other or collateral facts and circumstances which the particular fact, which forms the subject of judicial investigation, is or may be inferred to justify a conviction of the defendant. In any case on circumstantial evidence alone, the circumstances disclosed by the evidence must be of such character and strength as to exclude every reasonable hypothesis except that of the defendant's guilt; if the circumstances disclosed by the evidence can be explained on any reasonable theory consistent with the defendant's innocence, he is entitled to an acquittal. But circumstantial evidence alone is enough to support a verdict of guilty of any crime provided the jury believe beyond a reasonable doubt from the evidence given in the case that the accused is guilty as charged. The proof must not only coincide with the hypothesis of guilt, but it must also be inconsistent with every other rational conclusion. No greater degree of certainty is required where the evidence is circumstantial than where it is direct, for in either case, the jury must be convinced beyond a reasonable doubt of such defendant's guilt as charged."

This instruction was based on an instruction approved by this Court in *Wolfe v. State,* (1928) 200 Ind. 557, 159 N.E. 545. We think this instruction correctly states the law and covers substantially the same ground as the two instructions tendered by appellant. Therefore, the court did not err in refusing to give these two instructions. *Davis v. State, supra.*

## III.

Appellant next challenges the sufficiency of the evidence. He also argues that this Court should alter its review standard, citing *Jackson v. Virginia,* (1979) 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781. The *Jackson* case dealt strictly with the standard of review to be applied by federal district courts in habeas corpus actions in reviewing whether the evidence was sufficient to support a state court conviction. We think our own standard of review fully complies with the Fourteenth Amendment and the principles discussed in *Jackson v. Virginia, supra.*

Our standard of review regarding sufficiency questions is the same in all cases. We will not reweigh the evidence, judge the credibility of witnesses, or resolve conflicts in the evidence. To do so would usurp the function of the jury. Rather, we will look to that evidence most favorable to the State to determine if there was substantial evidence of probative value from which the jury could have found the defendant guilty beyond a reasonable doubt. *Ruetz v. State,* (1978) Ind., 373 N.E.2d 152.

In the case before us, the evidence most favorable to the State reveals that appellant Gail Hauger and apparently one other person went to the home of Vernal Powers at approximately 9:00 p. m. on February 8, 1978. No one was home at the time, and the two men proceeded to gain entry into the house by breaking a window. They removed, among other things, a television set and a tool box full of tools. Initially, they took the property to the home of appellant's father, Lloyd Hauger. At his father's house, appellant stated to at least one person that he had cut his hand while breaking a window to enter a house. He also asked witness Fred Walls to go with him to the house where he had sustained the cut and help him clean up any blood and fingerprints which might have been there. Walls testified that he refused to make this trip with appellant.

Subsequently, the property was removed from Lloyd Hauger's residence. The television set was disposed of at a nearby massage parlor. Appellant and Fred Walls sold the tools to Dick Clough. The television and tools were subsequently recovered by police and identified by Vernal Powers as some of the property taken from his home. Fred Walls and Dick Clough identified these same articles as those disposed of by appellant the night of, and the day after, the burglary. Other witnesses also testified that they saw these articles in appellant's possession at these same times. Thus, we think there was sufficient evidence from which the jury could have found beyond a reasonable doubt that appellant committed this burglary.

### IV.

■ Finally, appellant claims the trial judge abused his discretion in sentencing appellant. Ind.Code § 35–50–2–5 (Burns 1979 Repl.) provides in part:

"A person who commits a class B felony shall be imprisoned for a fixed term of ten [10] years, with not more than ten [10] years added for aggravating circumstances . . . ."

Ind.Code § 35–50–1A–7 (Burns 1979 Repl.) provides that the trial court may consider the following factors as "aggravating circumstances":

"(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

(2) The person has a history of criminal activity.

(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

(4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

(5) The victim of the crime was sixty-five [65] years of age or older.

(6) The victim of the crime was mentally or physically infirm."

The trial court sentenced appellant to twenty years imprisonment, the maximum term allowed under the statute.

At the sentencing hearing, the trial court heard evidence, inspected the presentence investigation report, and made, *inter alia*, the following findings:

1. That Gail Hauger has a history of criminal activity dating back to juvenile offenses in Sullivan County, Indiana.

. . . . .

3. That imposition of a reduced sentence, suspension of sentence or imposition of probation would seriously depreciate the efforts of law enforcement officers in Sullivan County, Indiana to control, contain and eliminate the series of burglaries of dwellings in this county.

4. That the sole owner of the residence burglarized herein, Vernal E. Power, was 65 years of age at the time the offense was committed.

5. That attempts at probation, suspended sentences and short-term imprisonment imposed upon the defendant, Gail Hauger, for past offenses have totally failed to produce a useful attitude toward his own life and society in general.

6. That there are no mitigating circumstances in this matter.

Further, the presentence investigation report indicates appellant had been jailed twenty-six times, had been committed to the Indiana State Farm three times, and had previously been sent to the Indiana Boys School. In addition, appellant's testimony at trial reveals that he has been convicted of assault on a police officer in Illinois. In light of all of this evidence and the findings made by the trial court, we cannot say the sentence imposed was manifestly unreasonable.

The judgment of the trial court is affirmed.

All Justices concur.