**Kevin Lynn STONER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1181S323.**

Supreme Court of Indiana.

Dec. 10, 1982.

J.A. Cummins, Delaware County Public Defender, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant-defendant, Kevin Lynn Stoner, was convicted of the crime of murder and received a sentence of forty years. Two errors are presented for our consideration. The first is that error occurred when a jury instruction regarding the defense of mistake of fact was refused, and the second occurred when the trial court found no significant mitigating circumstances and imposed the base sentence of a term of forty years.

On May 15, 1980, appellant, along with Lonnie Johnson and Harold Clairborne broke into the house of C. Russell Krull to steal. Appellant acted as lookout and also helped the other two search the house. He gave a warning when the owner returned to his premises. He then re-entered the house through the broken window. The owner, C. Russell Krull, entered his home and was struck on the head by Johnson with a hammer, tied up by Johnson and Clairborne, and bled to death from the wound inflicted. Appellant helped load the victim's property into the victim's car and received a share of the drugs purchased with the money received for it.

At the time of these events, appellant was free without bail upon another charge under the terms of an agreement that he act as a clandestine informant for the police in drug cases. Appellant testified that he lived with Johnson and that Johnson knew a lot of drug dealers and those dealers trusted Johnson. He testified that he went with Johnson to the Krull residence to get information for the police; that in going there he was doing what he was supposed to do for the police; that he was not doing anything wrong; and that he would not be arrested for going along with Johnson and Clairborne.

## I.

Defense counsel sought and was denied a jury instruction defining the defense of mistake of fact. Appellant earnestly contended he presented evidence that he was under a mistaken belief that he was autho-

rized by the police to conduct himself as he did at the Krull residence, and was therefore entitled to have the instruction given. The trial court did not agree.

■ In *Davis v. State,* (1976) 265 Ind. 476, 355 N.E.2d 836, this Court dealt with this type of error, saying:

"In considering whether any error results from refusal of a tendered instruction we must determine: (1) whether the tendered instruction correctly states the law . . . (2) whether there is evidence in the record to support the giving of the instruction . . . (3) whether the substance of the tendered instruction is covered by other instructions which are given. . . ." 265 Ind. 478, 355 N.E.2d 836.

In determining whether the evidence was such as to require an instruction upon a defense of intoxication we consider whether the evidence relevant to it, if believed, was such that it could have created a reasonable doubt in the jury's mind that the accused had acted with the requisite mental state. *Williams v. State,* (1980) Ind., 402 N.E.2d 954. The same would hold true for an instruction upon a mistake of fact defense.

Indiana Code § 35–41–3–7 provides:

"It is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact if the mistake negates the culpability required for commission of the offense."

The charge of murder states:

"Kevin Lynn Stoner . . . did knowingly kill . . . C. Russell Krull. . . ."

Indiana Code § 35–41–2–2 provides:

"(b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so."

■ According to the defining statute, the mistake must be honest and reasonable; it must be about a matter of fact; and it must serve to negate culpability. *Davis* dealt primarily with the first of these elements. Upon reflection it is apparent that it is the last of these which is most in doubt here. The assertion of the defense in this case must be in the following form: I committed the unlawful acts charged, but there is no basis for liability because by reason of a mistake of fact I was not aware of a high probability that I was engaging in those acts. Appellant's evidence is that he was under a mistaken belief that his conduct in going to the Krull residence was authorized by the police. It is readily apparent that if the belief was not mistaken, but was correct, and the police had granted him the authority to conduct himself as he did at the Krull residence, such authority could not possibly have prevented him from being aware of a high probability that he was conducting himself as he in fact did and of the harmful consequences of such conduct. Accordingly there was no evidence of one of the essential elements of the defense of mistake of fact, and there was therefore no error in refusing the tendered instruction.

II.

■ Following the sentencing hearing, the trial court declared that he found no significant mitigating circumstances and ordered the standard sentence required by statute. In making this statement the trial court said nothing on the subject of aggravating circumstances which had been pointed out. Appellant contends that a proper evaluation of mitigating circumstances would require a lesser sentence. Appellant identifies these various circumstances in his argument, however, it is unnecessary to the resolution of this claim to identify them. Under case law, it is unnecessary for the sentencing court to make a statement of reasons when imposing the standard or presumptive sentence as was done in this case. *Page v. State,* (1980) Ind., 410 N.E.2d 1304; *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316. It is presumed on review that the sentencing court has correctly evaluated and balanced the aggravating and mitigating circumstances brought to his attention. Accordingly, appellant's claim upon appeal is unreviewable, and the sentence of forty years is not revisable as manifestly unreasonable.

The conviction is therefore affirmed.

GIVAN, C.J., PRENTICE and PIVAR-NIK, JJ., concur.

HUNTER, J., concurs in result.