Gary P. SHARRETT, Appellant
(Claimant below),

v.

REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION and T.W.A., Employer, Appellees (Respondents below).

No. 2–682A171.

Court of Appeals of Indiana,
Second District.

Feb. 14, 1983.
Rehearing Denied April 21, 1983.

Andrew G. Klopchin, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

SHIELDS, Judge.

Gary P. Sharrett (Sharrett) appeals the Indiana Employment Security Division Review Board's (Board) affirmance of a referee's decision denying Sharrett unemployment compensation. The referee based the decision on findings which conclude Sharrett committed gross misconduct and was rightly discharged. Sharrett raises several issues on appeal but, because we reverse based on the issue of whether the findings are contrary to law, we do not reach the other issues.

The referee's finding "that on the admission of the claimant for having taken the commodity from employer without authority and without permission that claimant did commit a gross misconduct in connection with work," is a finding essential to the decision, is not supported by the evidence and is, therefore, contrary to law.

I.C. 22–4–15–6 (Burns Code Ed., Supp. 1982) provides:

[1] "It is a defense that the person who engaged in the prohibited conduct was reasonably mis-

"Notwithstanding any other provisions of this article, no benefit rights or extended benefit rights accrue nor are any benefits or extended benefits payable to any individual based upon wages earned from any employer prior to the day upon which the individual was discharged for gross misconduct in connection with work. 'Gross misconduct' includes a felony or misdemeanor committed in connection with work but only if the felony or misdemeanor is admitted by the individual or has resulted in a conviction. Benefits or extended benefits shall be held in abeyance pending the result of any criminal proceedings."

The key word here is "admitted."

This court defined "admitted" in *Skirvin v. Review Board of Indiana Employment Security Division,* (1976) 171 Ind.App. 139, 143, 355 N.E.2d 425, 427:

"We believe that the term 'admitted' as used in IC 1971, 22–4–15–6, *supra,* contemplates an *unequivocal* written or verbal acknowledgment by the employee that he perpetrated the act or acts alleged to constitute 'gross misconduct'" (Emphasis added.)

The alleged criminal offense here would be theft or conversion.

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony."

I.C. 35–43–4–2 (Burns Code Ed., Supp.1982).

"A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a class A misdemeanor."

I.C. 35–43–4–3 (Burns Code Ed., Repl.1979).

Sharrett admits he knowingly exerted control over property of another person, *i.e.,* his employer. This admission is unequivocal. However, Sharrett raises an issue on the element "unauthorized." He claims he acted under an honest and reasonable mistake of fact.[1]

taken about a matter of fact if the mistake

"In order for a mistake of fact to excuse appellant from criminal liability, that mistake must be honest and reasonable. Honesty is a subjective test dealing with what appellant actually believed. Reasonableness is an objective test inquiring what a reasonable man situated in similar circumstances would do."

*Davis v. State,* (1976) 265 Ind. 476, 481, 355 N.E.2d 836, 839. On review we consider Sharrett's testimony on the question of whether he *unequivocally* admitted his control over the property was unauthorized. He did not.

Sharrett's asserted belief he had implied authorization based on the employer's past behavior is not an unequivocal admission on the issue of unauthorized control. For the purposes of I.C. 22–4–15–6, Sharrett did not admit the felony or misdemeanor.

The gross misconduct statute parallelizes an admission with a conviction. It is axiomatic each element of a felony or misdemeanor must be *proven* beyond a reasonable doubt. It follows each element of a felony or misdemeanor must be *admitted* beyond a reasonable doubt.

Judgment reversed and cause remanded to Board for further proceedings not inconsistent with this opinion.

BUCHANAN, C.J., and SULLIVAN, J., concur.

negates the culpability required for commission of the offense." I.C. 35–41–3–7 (Burns Code