**Leroy D. YORK, Appellant,**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Public Service Indiana-Cayuga Station, Appellees.**

**No. 2–483A118.**

Court of Appeals of Indiana, Fourth District.

Sept. 28, 1983.

Max E. Goodwin, Stephen L. Williams, Mann, Chaney, Johnson & Goodwin, Terre Haute, Malcolm H. Aukerman, Newport, for appellant.

John B. Scheidler, Plainfield, for appellee Public Service Indiana.

Linley E. Pearson, Atty. Gen., of Indiana, Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee Review Bd. of the Indiana Employment Sec. Div.

YOUNG, Judge.

Claimant-appellant Leroy D. York appeals from the decision of the Review Board of the Indiana Employment Security Division denying him unemployment compensation benefits. On appeal, York contends the decision of the Review Board is contrary to law.

We affirm.

York was discharged by his employer for stealing money from the company's soft drink machines. The employer had a uniformly enforced rule against stealing, which made discharge mandatory for its violation on company property. The Review Board found York had been discharged for good cause and denied him unemployment compensation benefits under Ind.Code 22–4–15–1. York contends that because he was discharged for his alleged theft of money from vending machines, the denial of unemployment compensation benefits had to be in compliance with Ind.Code 22–4–15–6. Because the Review Board denied him benefits under Ind.Code 22–4–15–1, rather than Ind.Code 22–4–15–6, York contends the decision is contrary to law.

York's argument is essentially that because his discharge was for grounds covered by Ind.Code 22–4–15–6, that section must govern and he could not be denied benefits

under Ind.Code 22–4–15–1. We disagree. Ind.Code 22–4–15–6 provides:

Notwithstanding any other provisions of this article, no benefit rights or extended benefit rights accrue nor are any benefits or extended benefits payable to any individual based upon wages earned from any employer prior to the day upon which the individual was discharged for gross misconduct in connection with work. "Gross misconduct" includes a felony or misdemeanor committed in connection with work but only if the felony or misdemeanor is admitted by the individual or has resulted in a conviction. Benefits or extended benefits shall be held in abeyance pending the result of any criminal proceedings.

Nothing in this section indicates that it is exclusive or that one who is guilty of gross misconduct may not also be denied benefits under the "just cause" provision of Ind. Code 22–4–15–1. We do not believe such a restrictive reading of the two statutes is proper.[1] Ind.Code 22–4–15–6 does not in any way limit Ind.Code 22–4–15–1. Additionally, York's reliance on *Sharrett v. Review Board of Indiana Employment Security Division,* (1983) Ind.App., 445 N.E.2d 112, is misplaced. *Sharrett* merely stands for the proposition that when an employee is discharged for gross misconduct, the requirements of Ind.Code 22–4–15–6 must be met. York was not discharged for gross misconduct, but rather for violation of a uniformly enforced rule. *Sharrett* is inapposite. The decision of the Review Board is not contrary to law.

Affirmed.

CONOVER, P.J., and MILLER, J., concur.

---

1. The reason for the legislative enactment of the two overlapping statutes lies in the statutes' differing degrees of benefit disqualifications. A disqualification under Ind.Code 22–4–15–1 basically has the effect of suspending benefits and reducing benefits twenty-five percent when the suspension is lifted. On the other hand, disqualification under Ind.Code 22–4–15–6 eliminates any benefits that were accrued with the separating employer.