Alan H. SEDELBAUER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–883A259.

Court of Appeals of Indiana,
Third District.

April 18, 1984.

Rehearing Denied June 14, 1984.

---

**5.** *Ibid.*

Kenneth R. Scheibenberger, Lebamoff Law Offices, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Sedelbauer was convicted by a jury of distributing obscene matter.[1] On appeal, he raises the following issues:

(1) Whether the film he distributed is obscene as a matter of law;

(2) Whether the evidence is sufficient to support a finding that Sedelbauer had knowledge of the nature of the film he sold;

(3) Whether the court erred in refusing Sedelbauer's proposed instruction that prurient appeal should be measured by the impact of the film on the particular deviant group for which he claims the film was designed;

(4) Whether the court erred in refusing to allow expert testimony on the contemporary community standards;

(5) Whether the court erred in instructing the jury that it should consider what local community members find "acceptable"; and,

(6) Whether the court erred in its instruction to the jury which defined "sexual conduct".

We affirm.

1.

Obscenity as a Matter of Law

Sedelbauer contends that the film he sold is not obscene as a matter of law. Materi-

---

**1.** Indiana Code 1979, 35–30–10.1–2 (Burns Code Ed.).

als are obscene and not entitled to constitutional protection if:

"(1) The average person, applying contemporary community standards, finds that the dominant theme of the matter or performance, taken as a whole, appeals to the prurient interest in sex;

"(2) The matter or performance depicts or describes, in a patently offensive way, sexual conduct; and

"(3) The matter or performance, taken as a whole, lacks serious literary, artistic, political, or scientific value." [2]

■ The film graphically depicts women engaged in cunnilingus and masturbation and does not appear to aspire to serious literary, artistic, political, or scientific value. The film is similar in content to other materials previously deemed by our court to be obscene. *Richards v. State* (1984), Ind.App., 461 N.E.2d 744 (1984). *Sedelbauer v. State* (1983), Ind.App., 455 N.E.2d 1159; *Peters v. State* (1983), Ind.App., 449 N.E.2d 311.

### 2.

### Scienter

■ Sedelbauer contends the evidence is insufficient to prove he knew the nature of the film he sold. The knowledge required by IC 35–30–10.1–2 may be proven by circumstantial evidence. *Sedelbauer v. State* (1981), Ind., 428 N.E.2d 206, *cert. denied*, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153.

■ The picture on the package in which the film was sold portrays two nude women, with exposed genitalia, engaging in cunnilingus and masturbation and inserting "vibrators" into their vaginas. As Justice Givan stated in *Sedelbauer, supra*, 428 N.E.2d 206, it is ludicrous to argue that Sedelbauer did not appreciate the nature of the film he was selling. *Id.* at 210.

### 3.

### Impact on Specific Deviant Group

■ Sedelbauer contends the trial court committed error when it refused to give the following instruction:

2. Indiana Code 1979, 35–30–10.1–1(c) (Burns

"The court instructs the jury that where a film is designed for a deviant group, then prurient appeal must be measured upon [*sic*] its impact on the average adult member of that group."

Sedelbauer relies on *Mishkin v. New York* (1966), 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 wherein the Supreme Court wrote:

"Where the material is designed for and primarily disseminated to a clearly defined deviant sexual group, rather than the public at large, the prurient-appeal requirement of the Roth test is satisfied if the dominant theme of the material taken as a whole appeals to the prurient interest in sex of the members of that group."

*Id.*, 383 U.S. at 508, 86 S.Ct. at 963, 16 L.Ed.2d at 62. We reject his argument because, although the film's subject is lesbian sex, there is no evidence in the record that the film was designed for and primarily disseminated to a particular group. The refusal of an instruction is not error where its substance is not supported by the evidence. *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836, 838.

### 4.

### Expert Testimony on Community Standards

■ Sedelbauer contends the court erred when it refused to allow experts to testify as to whether the average person applying contemporary community standards in the Fort Wayne area would find that the dominant theme of the film appealed to the prurient interest in sex. We find no error here. It was within the court's discretion to refuse expert testimony on this issue. *Sedelbauer v. State* (1983), Ind.App., 455 N.E.2d 1159, 1164.

### 5.

### "Acceptable" vs. "Tolerable"

■ Sedelbauer contends the court erred when it gave an instruction which provided in part:

Code Ed.).

"Contemporary community standards are determined by what the community of Allen County, Indiana as a whole in fact finds *acceptable*." (Emphasis added.)

He claims the word "acceptable" should be replaced by the word "tolerable". His argument was dismissed as without merit in *Sedelbauer v. State* (1981), Ind., 428 N.E.2d 206, 211.

### 6.

#### "Sexual Conduct"

 Material is obscene if, *inter alia*, it depicts sexual conduct in a patently offensive way. Indiana Code 1979, 35–30–10.1–1 (Burns Code Ed.). Sedelbauer contends the court erred when it instructed the jury that "sexual conduct" is defined as sexual intercourse, deviate sexual conduct, or exhibition of uncovered genitals in the context of masturbation or other sexual activity. He argues that by this instruction the jury was permitted to find that mere exhibition of genitals or sexual conduct met the definition of obscenity without a finding that the portrayal was patently offensive.

The trial court did not err. The instruction properly defined "sexual conduct" pursuant to IC 35–30–10.1–1. The jury was instructed elsewhere that to be obscene the film had to have depicted sexual conduct in a patently offensive way.

Affirmed.

GARRARD, J., concurs.

HOFFMAN, J., concurs in result.