**SHOREWOOD FOREST PROPERTY OWNERS ASSOCIATION, INC.,**
Appellant (Plaintiff Below),

v.

**PORTER COUNTY PLAN COMMIS-SION and John J. Lanigan,**
Appellees (Defendants Below).

No. 3–1184A301.

Court of Appeals of Indiana, Third District.

May 22, 1985.

Theodore A. Fitzgerald, Petry & Fitzgerald, Hebron, for appellant.

John Lyons, Valparaiso, for appellee, Porter County Plan Com'n.

William H. Wagner, Barbara A. Young and Karen L. Hughes, Hoeppner, Wagner and Evans, Valparaiso, for appellee John J. Lanigan.

HOFFMAN, Judge.

Appellee John J. Lanigan is the developer of the Shorewood Forest subdivision.

On December 6, 1983, Lanigan filed his application for the approval of the replat of three adjoining lots within the subdivision, with appellee Porter County Plan Commission. The Commission met on December 28, 1983 and heard arguments both for and against Lanigan's application. After discussion, the Commission approved the application.

On February 15, 1984, appellant Shorewood Forest Property Owners Association, Inc., (POA herein) filed its petition for review by certiorari and for declaratory judgment in the Porter Superior Court. After the filing of affidavits and Lanigan's response, the trial court heard arguments on Lanigan's motion to dismiss or for summary judgment, and on June 11, 1984 issued the following order:

"ORDER

The Court having heretofore heard evidence, examined the affidavits filed herein and heard arguments on Petitioners' Petition for Writ of Certiorari, Defendants' Response to Petition for Review by Certiorari and Plaintiff's Motion to Strike and having taken the same under advisement now finds that if additional action is required by the Porter County Plan Commission or Board of Zoning Appeals as claimed by Plaintiff, the Petition for Writ of Certiorari filed herein was prematurely filed, and if, in the alternative, the action taken by the Porter County Plan Commission on December 28, 1983, was the final action required by said Commission, the Petition for Writ of Certiorari filed herein was not timely filed, having been filed on February 15, 1984, more than thirty (30) days after the said Commission's action, in violation of I.C. 36-7-4-1016 and 36-7-4-1003.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiff's Petition for Writ of Certiorari and For Declaratory Judgment filed herein on February 15, 1984 should be and hereby is dismissed and summary judgment is hereby entered in favor of the Porter County Plan Commission and John J. Lanigan, Defendants herein. Costs versus Plaintiff."

■ The first matter before this Court is the issue raised by the appellees that the appeal should be dismissed. Appellees point out several violations of the Indiana Rules of Appellate Procedure in both appellant's brief and the record prepared and forwarded by appellant to this Court.

Our Supreme Court has discussed the role of our appellate rules as applied to technical errors in the documents preserving issues for appeal. In *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836, Justice DeBruler, writing for the Court, stated that the appellate rules were "adopted by the Court 'to secure a convenient and uniform mode for presentation of issues to an appellate court,' not to allow one party to avoid the substance of the other's arguments." 265 Ind. at 478, 355 N.E.2d at 838. Here, although some of the defects which appellees point out may somewhat inconvenience this Court, the inconvenience is not one which requires waiver of all the issues. While appellees' arguments are noted, so long as the issues and merits of this case are ascertainable, the defects will not be fatal. By this statement, however, the Court does not give appellate attorneys a license to ignore the rules for presenting issues for review, nor does the Court give assurance that violations of the appellate rules will be disregarded by a court of review.

The second issue which this Court must address is whether the decision rendered by the Porter County Plan Commission on December 28, 1983 is an appealable final decision.

Counsel for POA stated at the hearing on Lanigan's motion to dismiss that the three lots which Lanigan sought to have replatted had been included in the original platting in the mid-1970's. Therefore, it is clear that Lanigan's petition was exactly what it purported to be, namely an application for replat.

■ Under IND.CODE §§ 36-7-4-405(a) and 36-7-4-712, a plan commission

shall render all decisions concerning the replat of subdivisions. The statutes give the sole authority to plan commissions and do not require the approval of any additional body. Thus, a decision of the plan commission involving the replat of a subdivision is a final appealable decision. The Code also provides that a petition for review by certiorari of a plan commission's decision must be filed within 30 days from the date of the decision. IND.CODE §§ 36–7–4–1003 and 36–7–4–1016. Failure to comply with the statute is fatal. *Biggs v. Board of Zoning Appeals* (1983), Ind. App., 448 N.E.2d 693. Having failed to file its petition within that time period, POA may not now challenge the summary judgment granted by the trial court in favor of appellees.

Affirmed.

STATON, P.J., and GARRARD, J., concur.