**William JACKSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 984S360.**

Supreme Court of Indiana.

April 10, 1986.

Jack E. Roebel, Allen Co. Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant William Jackson was tried by a jury and convicted of attempted robbery, a class B felony. Ind.Code § 35–42–5–1 (Burns 1985); Ind.Code § 35–41–5–1 (Burns 1985). The trial court imposed a prison sentence of fifteen years.

Appellant raises three issues in this direct appeal:

(1) Whether the identification evidence is sufficient to sustain his conviction;

(2) Whether the trial court erred by excluding the testimony of a defense witness that she had once mistaken another man for defendant, and,

(3) Whether the trial court erroneously refused defendant's tendered instruction on jury duty and deliberation.

We affirm.

These are the facts which tend to support the trial court's judgment. On May 23, 1983, Wilbert Shelby, an employee of Church's Fried Chicken, saw Jackson at the

drive-up window at 5:15 p.m. Since Jackson had been Shelby's barber for a few years, Shelby spoke with defendant while he filled the order. At 9:15 p.m. the same evening, Shirley Lewis was waiting on a customer at the drive-up window when Jackson, armed with a gun, approached the drive-up window on foot. Jackson pressed his gun against Lewis' side and demanded money.

Unaware that a robbery was in progress, Shelby came to the window to assist Lewis with the order and greeted Jackson by name. Shelby asked, "What can I get you, Bill?" Jackson did not answer. Shelby then asked, "What do you need, Jackson?" Defendant responded that his name was not Jackson and then winked at Shelby. Appellant aimed the gun at Shelby and fired, hitting the ceiling of the restaurant. Jackson then fled the area.

During a discussion on July 6th, Jackson explained to Shelby that he "did not mean to do it" and that he was intoxicated at the time of the incident. Shelby positively identified Jackson in court as the man who tried to rob the restaurant.

## I. Sufficiency of Identification Evidence

Appellant argues that the identification is not sufficient to sustain his conviction because Shelby was the only witness who could identify him as the would-be robber. He also points out that Shelby's testimony regarding the period of time for which Jackson was his barber conflicts with testimony from defense witnesses.

This Court does not weigh the evidence or resolve questions of credibility when determining whether the identification evidence is sufficient to sustain a conviction. Rather, we look to the evidence and the reasonable inferences therefrom which support the verdict of the jury. If there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt, then the conviction must be affirmed. *Smith v. State* (1981), 275 Ind. 642, 419 N.E.2d 743.

Viewed from this standpoint, the evidence shows that Shelby was a business acquaintance of Jackson for a period of time prior to the night the attempted robbery was committed. The night of the crime Shelby saw Jackson at the restaurant and spoke with him on two occasions which were separated by an interval of approximately four hours. During the second conversation, the robber's disclaimer of his proper name was accompanied with a wink. Moreover, Jackson subsequently explained that his behavior was a result of his intoxicated state. The evidence is sufficient to sustain the attempted robbery conviction, particularly since a robbery conviction can be sustained on the uncorroborated testimony of one witness. *Prine v. State* (1983), Ind., 457 N.E.2d 217.

## II. Exclusion of Evidence of Mistaken Identification

Appellant argues that the trial court erred by excluding testimony from a defense witness that she had once mistaken another man for Jackson.

When Jackson's friend, Shirley Ann Williams, was on the stand, defense counsel asked her whether she had ever "encountered anybody in this community that you mistakenly believed was William Jackson." The court sustained the State's objection to the relevancy of this question. Defense counsel then made an offer to prove outside the presence of the jury. The offer of proof was that Williams would have testified that at approximately the time this crime occurred she encountered another man whom she mistakenly believed to be Jackson. The court re-affirmed its earlier ruling.

Evidence is relevant if it has a logical tendency to prove or disprove a material fact. *Leavell v. State* (1983), Ind., 455 N.E.2d 1110. From testimony that a friend of the defendant had once encountered a man whom she mistakenly believed to be Jackson, Jackson presumably wanted the jury to infer that Shelby similarly may have mistakenly believed it was defendant

who attempted to rob the restaurant. Evidence that a friend had once mistakenly identified Jackson could support an inference, he says, that a business acquaintance could have similarly misidentified him. Such evidence would also have been relevant to a material fact in this case, that is, identification.

However, the trial court has broad discretion in its rulings on the admissibility of evidence. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365. The trial court's decision to exclude evidence which is arguably relevant will not be reversed unless there is a showing that the trial court's discretion was manifestly abused and that the defendant was denied a fair trial. *Henderson v. State* (1983), Ind., 455 N.E.2d 1117. The object of the testimony was to suggest the possibility that in a community of several hundred thousand people there might be someone who could be mistaken for Jackson. It seems likely that this is something the jurors could have accepted as true without any testimony at all. We conclude the trial court did not abuse its discretion in refusing to admit the testimony.

### III. Refusal of Tendered Instruction

Jackson argues that the trial court erred by refusing to charge the jury with his tendered instruction on jury duty and deliberation. He maintains that the instruction was taken verbatim from *Lewis v. State* (1981), Ind., 424 N.E.2d 107, in which this Court recommended the instruction be given to the jury at all trials.

To determine whether error resulted from the refusal of a tendered instruction, this Court must evaluate:

(1) Whether the tendered instruction correctly states the law;

(2) Whether there is evidence in the record which supports the tendered instruction, and

(3) Whether another instruction covered the substance of the tendered instruction.

*Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836.

Jackson's tendered instruction recited that the jury must return a unanimous verdict representing the considered judgment of each juror. The jurors would have been charged that it is their duty "to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after impartial consideration of the evidence with your fellow jurors." The instruction further recited that jurors could re-examine their own views during deliberation and did not have to yield to the views of their fellow jurors. The instruction also stated that the jury was the judge of the facts and that it was to ascertain the truth from the evidence in the case.

The jury was amply charged by the court's instructions on its duties and the manner in which to deliberate and arrive at a verdict. The court charged the jury that its verdict must be unanimous but must also represent the considered judgment of each juror. The jury was also informed about the factors which could be considered when evaluating the credibility of witnesses. The jurors were further charged that they should not disregard the testimony of any witness without a reason and careful consideration and that it must determine whom to believe when confronted with conflicting testimony. The court also instructed the jurors that during deliberations they should not yield their individual judgment to their fellow jurors, but should "impartially consider the evidence with your fellow jurors, to examine your own views in light of the discussions, and to consult and reason with your fellow jurors in a good faith effort to reach a just verdict." Since the essence of the tendered instruction was contained in other parts of the charge given by the trial court, it was proper to refuse defendant's instruction.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.