Alvin MILLER and Lydia Miller, Appellants (Plaintiffs Below),

v.

INDIANA STATE HIGHWAY DEPARTMENT, Board of Commissioners of Marshall County, Indiana, Appellees (Defendants Below).

Robert BREEDEN, Joyce Breeden, and Garnetta Light, Appellants (Plaintiffs Below),

v.

INDIANA STATE HIGHWAY DEPARTMENT and Board of Commissioners of Marshall County, Appellees (Defendants Below).

### No. 43A04–8602–CV–43.

Court of Appeals of Indiana, Fourth District.

Oct. 15, 1987.

R. Kent Rowe, Jerry E. Huelat, Gerald A. Kamm, Doran, Manion, Boynton, Kamm & Esmont, South Bend, Donald J. Parker, Chicago, Ill., for appellants.

Linley E. Pearson, Atty. Gen., Robert F. Hassett, Deputy Atty. Gen., Indianapolis, Edward N. Kalamaros, Thomas F. Cohen, South Bend, for appellees.

PER CURIAM.

On June 9 and 10, 1987, we received petitions for rehearing from Alvin and Lydia Miller, Robert and Joyce Breeden, Garnetta Light and the Indiana State Highway Department. We grant rehearing for the limited purpose of addressing the following allegations of error:

1. This Court erroneously stated that the Court's Final Instruction No. 9 was given without objection; and

2. This Court erroneously determined that the Millers had waived any error with respect to the trial court's refusal of their Tendered Instructions Nos. 11, 12 and 13.

In our original opinion, 507 N.E.2d 1009, we quoted portions of the Court's Final Instruction No. 9 and stated: "This instruction was given without objection." The State correctly notes that it objected to the instruction. However, we did not find an objection voiced by the Millers or Breedens. We, therefore, would have been more correct to state that the instruction was given without objection by the Millers or Breedens, the parties appealing the jury's verdict. In any event, Instruction No. 9 was not at issue in the appeal. Therefore, we conclude that the misstatement was not material to the disposition of the case.

Next, the Millers contend we erroneously concluded that they failed to assert that they sought and were granted permission to file more than ten proposed instructions. Upon reviewing this allegation of error, we agree that the Millers noted in their reply brief that the trial court had granted their request to file instructions in excess of the imposed limit. While the trial court never explicitly stated it was doing so, its actions were sufficient to constitute an acceptance of the instructions. We, therefore, will address on rehearing the merits of the Millers' arguments with respect to Tendered Instructions 11, 12 and 13.

In considering whether any error resulted from the refusal of a tendered instruction, we consider: (1) whether the tendered instruction correctly states the law; (2) whether the evidence supports the instruction; and (3) whether other instructions adequately cover the substance of the tendered instruction. *Flowers v. State* (1985), Ind., 481 N.E.2d 100, 103; *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836, 838. Instructions 11, 12 and 13 fail to meet these criteria and were properly refused.

The Millers' tendered instructions stated:

### NUMBER 11

The Defendant, State of Indiana, is chargeable with notice of dangerous, unsafe or hazardous conditions on its highways caused by the lack of visibility of its stop signs at intersections where these conditions are of such a nature that the State acting through its employees and representatives could, in the exercise of reasonable diligence, have ascertained the existence of such hazards in time to have corrected them.

### NUMBER 12

As a part of the common law of the State of Indiana and even apart from the Uniform Manual on Traffic Devices, the State of Indiana, acting through its employees, is required to use reasonable care in posting stop signs at intersections on state highways and in maintaining its signs at said intersecting roads and a failure on the part of the State Highway to use reasonable care in signing and maintaining its signs constitutes negligence.

## NUMBER 13

If the jury finds from the preponderance of the evidence in the case that under the circumstances reasonable care on the part of the defendant in maintaining its signs and intersection under its control required the posting of an additional sign or signs and that the defendant failed to use reasonable care to post such additional sign or signs, you may consider such failure as evidence of negligence.

Each of these instructions deals with the State's duty to maintain its stop signs and intersections. The trial court's final instructions Nos. 9 and 13 outlined the State's duty by stating:

## COURT'S FINAL INSTRUCTION NO. 9

A unit of government, which has established under itself a highway department, and which through that highway department maintains a highway system intended to be used by motor vehicles operated by the traveling public, has a duty, to be performed through its highway department, to exercise reasonable and ordinary care for the safety of the traveling members of the public using its highway.

In discharging that general duty, a highway department has specific duties:

1) to keep itself informed of the existence of conditions upon or about the highway under its control which might endanger traffic upon the highway, making in that connection such inquiry as may be reasonable in the circumstances;

2) to correct or repair defective conditions which have existed for a sufficient length of time as to allow the highway department to discover the defect and within that time which may be regarded as reasonable in view of the priority of the work over other work and as dictated by the dimension of the existing hazard and within the constraints of budgetary and resource allocation;

3) to comply, unless excused, with applicable law as defined by the statutes of the State or regulations promulgated or standards established thereunder.

The failure of a highway department to use due care in discharging these general and specific duties is negligence, if, under similar circumstances, a reasonably prudent person desiring to perform those duties would not have failed to do so.

## COURT'S FINAL INSTRUCTION NO. 13.

The Indiana Manual on Uniform Traffic Control Devices for Streets and Highways is by law required to be adhered to by all governmental agencies responsible for the establishment and maintenance of traffic control devices.

The manual is not, however, a standard establishing rigid rules which in all circumstances must be followed. It is a guideline designed to encourage the development and use of uniform and meaningful standards for the purpose of promoting highway safety, with the guidelines in the manual being committed to the engineering judgment and discretion of those persons charged with duties under the manual.

You may, therefore, consider the evidence which you have heard about the manual and the guidelines contained therein, along with all of the other evidence in the case, as evidence upon the question as to whether or not the defendant acted negligently in the circumstances existing at the time of the collision.

Although neither of these instructions specifically utilizes the terms "stop sign" and "intersections", it is evident that they set forth the State's duty to maintain all areas of the highways including the stop signs and intersections. In addition, Instruction No. 13 informed the jury that the State is required to adhere to the provisions of the Indiana Manual on Uniform Traffic Control Devices for Streets and Highways. As noted in our original opinion, this manual contains sections dealing with the maintenance and visibility of traffic control devices. The jury was instructed that it could consider the manual and other evidence in determining whether the State was negligent. Additionally, the

Court's Final Instruction No. 11 informed the jury that failure to comply with traffic laws could be justifiable because of the circumstances existing at the time of the violation and that the party could show that compliance was impossible. The combined reading of the Court's Final Instructions 9, 11 and 13 leads us to conclude that the substance of the Millers' Tendered Instructions Nos. 11, 12 and 13 was adequately covered. Therefore, the trial court properly refused the Millers' tendered instructions. The judgments in favor of the County and State remain affirmed and the petitions for rehearing filed by the various parties are, in all other respects, denied.