Phillip W. HUTCHINSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 84S00–8611–CR–952.

Supreme Court of Indiana.

Nov. 24, 1987.

Geoffrey G. Creason, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in a conviction of appellant of Burglary, a Class B felony, for which he received a sentence of fifteen (15) years.

The facts are: The victim, Charles Weir, and his wife, Lisa, had been having marital difficulties. Earlier in the day of the alleged burglary, Lisa Weir left the marital home and took a few personal items with her. At approximately 11:00 p.m. the same evening, Charles Weir returned to his home and noticed that the door of his house was open about a foot. He saw a black male in the living room holding a portable television set. When Weir shouted, the man ran upstairs. Weir entered the house but found no one. He alerted his neighbors and asked them to call the police. Then Weir went to the backyard of his home where he observed appellant jump from an upstairs window onto an awning over a back door. The awning gave way and appellant fell to the ground. At this point, Weir recognized appellant as one of his neighbors. Appellant explained to Weir that he had been chasing other people out of Weir's house. Appellant claimed that he found "a couple" of big husky guys inside, he chased them up the stairs and was planning to jump on them from the awning as they ran from the door.

Appellant returned to his home. When officers arrived, they questioned appellant who told them that he heard noises in the Weir home and went to investigate. He claimed that while he was upstairs he saw a couple of men run out of the back door. He told the officers that he was leaning out of the upstairs window when he fell onto the awning. Confronted with the officer's skepticism, appellant then remembered that he had intended to climb out onto the awning in order to jump on the fleeing felons. Following this questioning, appellant was arrested; however, he refused to grant the officers permission to search his house.

In examining his house, Weir discovered that two car stereo speakers and a tool box were missing and that a portable television set kept in an upstairs closet was in the downstairs living room. When appellant's wife returned home from work in the early morning hours, she found several items which did not belong to either her or appellant. These items were collected by the police and identified by Weir as objects missing from his home.

Appellant claims the trial court erred in admitting State's Exhibit No. 1 into evidence. The exhibit was a photograph showing the front door of Weir's home. Officer Sheldon identified the photograph as depicting the scene as it appeared on February 6, 1986, "as far as I can recall." Prior to admission of the photograph, Sheldon was cross-examined by defense counsel concerning his recollection as to several objects and conditions depicted in the photograph. When the officer was unable to state that he remembered the scene in such detail, appellant objected to the admission of the photograph claiming that Officer Sheldon was unable to properly identify it. The fact that Officer Sheldon could not identify certain specific items in the photograph does not render it inadmissible. *Harris v. State* (1985), Ind., 480 N.E.2d 932. Officer Sheldon's uncertainty as to details in the photograph goes only to the weight of the evidence and does not render it inadmissible. *Stout v. State* (1985), Ind., 479 N.E.2d 563.

We would further point out that apparently the only reason for showing the photograph of the front door was in conjunction with the testimony that the door was broken and the house could not be entered in that manner. The testimony was that entrance had to be gained through the back door. Even if we would assume for the sake of argument that the photograph should not have been admitted,

we fail to see what possible prejudice was suffered by appellant by reason of the admission. As the evidence was presented to the jury, the significance of the front door became irrelevant. The trial court did not commit reversible error in the admission of State's Exhibit No. 1.

 Appellant claims the trial court erred in not allowing him to cross-examine the victim regarding arguments between the victim and his wife over their marital property. When appellant attempted to cross-examine Weir in this regard, the trial court sustained an objection on the ground of irrelevancy. Appellant attempted to show that Weir and his wife had argued over some of their belongings and that one of them could have attempted to secrete the items found in appellant's home. Given the other facts in this case, this argument tests the credulity of the reader. The trial judge did not err in refusing to allow the cross-examination. *See Jackson v. State* (1986), Ind., 490 N.E.2d 1115.

 Appellant claims the verdict is not supported by sufficient evidence. This Court will not weigh the evidence nor judge the credibility of the witnesses. *Loyd v. State,* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. The above-recited evidence was clearly sufficient to support the jury's finding that appellant did in fact burglarize the Weir home. Appellant claims there is no evidence that he was ever in actual or constructive possession of any of the items removed from the Weir residence. Although there was no direct evidence to this effect, the evidence is certainly sufficient to support a circumstantial inference of appellant's guilt.

 Appellant claims he was denied his constitutional rights when all black individuals were excluded from the jury by the prosecutor's peremptory challenges. The record discloses that only one black juror was called on *voir dire.* Twelve members had already been seated on the jury at the time the black juror was called. The purpose for calling him was to choose and alternate juror. Although the State exercised a peremptory challenge, the prosecu-

tor stated that the reason for doing so was that the juror's brother had been convicted of a felony by the members of the present prosecutor's staff in Vigo County. Although the prosecutor was not compelled to give a reason for a peremptory challenge, the reason was in fact sufficient to sustain a challenge for cause.

We would further point out that no objection was made by appellant at the time of the challenge. We also note that it never became necessary to use an alternate juror in the case. Even had the excused juror been kept as an alternate he never would have served in the decision-making process. For all of these reasons, we see no demonstration of prejudice to appellant on the exclusion of the juror.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.