**Byron MORGAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 778S130.**

Supreme Court of Indiana.

Feb. 5, 1980.

⬥ 698(1)

J. Michael Katz, Merrillville, for appellant.

Theo. L. Sendak, Atty. Gen., William E. Dailey, Asst. Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Byron Morgon was convicted by a jury in Lake Superior Court of kidnapping, Ind.Code § 35–1–55–1 (Burns 1975), and rape, Ind.Code § 35–13–4–3 (Burns 1975). The trial court sentenced him to life imprisonment on the kidnapping charge and a determinate term of twenty-one years on the rape charge. Appellant raises two issues on this appeal, concerning: (1) whether the trial court erred in denying appellant's motion in limine to prevent the victim's in-court identification; and (2) whether the trial court erred in failing to sever appellant's trial from that of his co-defendant.

The facts most favorable to the State are as follows. On April 12, 1976, at approximately 7:30 p. m., the prosecutrix, D. L., was driving her car on Calumet Avenue in Hammond. As she approached the intersection of Calumet Avenue and Highland Street, her car was lightly bumped from the rear by a car in which appellant was the passenger. The two drivers then pulled their cars off the road, ostensibly to inspect D. L.'s car for damage. Appellant got out of the car he was riding in and approached the victim's car. As D. L. was opening her door and starting to get out of her car, appellant shoved her back into the car. D. L. then pushed appellant out of the car. After the victim had inspected her car for damage, appellant again pushed her back into her car and got in the car himself. Appellant then began driving her car. D. L. opened the door and attempted to jump out of the vehicle, but appellant grabbed her before she could get away. The victim then fell out of the door opening onto the ground and tried to run away. However, with the help of appellant's accomplice, who was following in his car, appellant subdued the victim and placed her in that vehicle. Appellant's cohort then drove the car, with appellant sitting on the passenger side and holding D. L. on his lap with her back to the dashboard.

D. L.'s abductors took her to a side street. Appellant Byron Morgan forced the victim into the back seat and forced her to engage

in sexual intercourse with him. The inside car light came on temporarily while D. L. was lying on her back on the seat, enabling her to see appellant's face clearly for approximately four or five seconds. The victim was also forced to engage in sexual intercourse with the other man. Appellant and his accomplice then got out and went toward the rear of the vehicle. At this point, D. L. was able to escape and run to a nearby house to obtain help.

### I.

Appellant first argues the trial court should have suppressed the victim's in-court identification of him as one of her attackers. D. L. picked appellant's picture out of several pre-trial photographic displays and observed a lineup in which appellant was present. The trial court found the procedures used to be improper and unnecessarily suggestive. Testimony concerning the victim's pre-trial identification of appellant growing out of these improper procedures was therefore suppressed. However, the trial court did allow the victim's in-court identification of Morgan. Appellant Morgan now claims this was error.

In *Love v. State*, (1977) 266 Ind. 577, 580–581, 365 N.E.2d 771, 773, this Court noted the appropriate method of analysis in this type of case:

"A witness who has been subjected to an unnecessarily suggestive confrontation with the accused may nonetheless identify the accused at trial as the perpetrator of the offense if the pre-trial confrontation has not created a 'very substantial likelihood of irreparable misidentification,' *Norris v. State*, (1976) 265 Ind. 508, 356 N.E.2d 204, or in other words, if the witness has a basis for his in-court identification independent of the suggestive procedure. *Johnson v. State*, (1977) 265 Ind. 689, 359 N.E.2d 525. The factors considered in determining the existence of an independent basis have been set out in several cases, and may be divided into two sets: those dealing with the witness' opportunity to observe the offender, and those relating to the reliability of his recollection of his original observation of the offender. Specific factors in the first group; were enumerated in *Parker v. State*, (1976) 265 Ind. 595, 599, 358 N.E.2d 110, 112:

The facts of paramount importance to this question relate to the opportunity of the witness to view the offender at the time of the offense; the duration for which the witness can observe the perpetrator; the distance between them; the lighting conditions; and circumstances affecting the amount of attention the witness can devote to observing the guilty party.

*See also Dillard v. State*, (1971) 257 Ind. 282, 289, 274 N.E.2d 387, 389.

Factors in the second group were described in *Swope v. State*, (1975) 263 Ind. 148, 157, 325 N.E.2d 193, 197, *quoting United States v. Wade*, (1967) 388 U.S. 218, 241, 87 S.Ct. 1926, 1940, 18 L.Ed.2d 1149, 1165:

[T]he prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts which despite the absence of counsel, are disclosed concerning the conduct of the lineup.

The State bears the burden in the trial court of producing 'clear and convincing evidence' of an independent basis, *Swope v. State, supra*, at 325 N.E.2d 197, but in reviewing the lower court's finding we do not reweigh the evidence, but look to the evidence most favorable to the trial court and any uncontradicted evidence favorable to the appellant. We accept the trial court's finding if it is supported by sufficient evidence. *Whitt v. State*, (1977) 266 Ind. 211, 361 N.E.2d 913.

*See Deaton v. State,* (1979) Ind., 389 N.E.2d 293, 299; *Williams v. State,* (1979) Ind., 395 N.E.2d 239, 243–44.

In the case before us, the victim testified that the area where she was accosted by appellant was fairly well-lighted. She stated that she was able to observe his features in this lighting for five to ten minutes before he shoved her into her car. Further, while her abductors were transporting her to a more secluded area, D. L. was placed on appellant's lap, facing him. In addition, she was able to see appellant's face quite clearly for four or five seconds when the interior light in the car came on. She also testified that she was never more than a few feet from her assailants throughout this incident, and that the incident lasted over an hour. During her testimony, she unequivocally identified appellant as the man who first attacked her, and as one of the two men who raped her. Furthermore, while there was a slight discrepancy between D. L.'s first description of her assailant and appellant's actual description, and while the pretrial identification procedures did not always lead to an unequivocal identification of appellant by the victim, she never mis-identified another person, and did, in fact, identify appellant from a picture before seeing him in a line-up. In addition, the photographic displays were begun on the day following this incident. Therefore, we believe there was sufficient evidence to support the trial court's finding that the victim's in-court identification of appellant had a ·basis independent from the suggestive pretrial procedures. *Williams v. State, supra; Love v. State, supra.* There is no error as to this issue.

## II.

Appellant Byron Morgan next argues the trial court erred in failing to sever his trial from that of his co-defendant. A search of the record reveals, however, that counsel for Byron Morgan did not, at any time before or during trial, move to sever his trial. Counsel for the co-defendant did request a severance, but appellant Byron Morgan expressly chose not to join in this motion. Further, the grounds for severance which appellant now allege are different from those alleged by the co-defendant at trial.

Appellant argues that one of the co-defendant's witnesses was especially harmful to appellant and that, therefore, a severance would have been appropriate. It appears that this witness was the mother of the two defendants. She testified on behalf of the co-defendant only, and made no direct mention of appellant Byron Morgan. Appellant now claims her testimony caused the jury to draw unfairly prejudicial inferences about him. However, appellant's counsel did not object to her testimony at any time, did not ask that her testimony be stricken, and did not ask the court to admonish the jury in any way. Moreover, when offered a chance to question this witness, appellant declined. Therefore, appellant has waived this issue. *Gee v. State,* (1979) Ind., 389 N.E.2d 303, 313; *Misenheimer v. State,* (1978) Ind., 374 N.E.2d 523, 527; *Bell v. State,* (1977) 267 Ind. 1, 6–7, 366 N.E.2d 1156, 1159; *Tewell v. State,* (1976) 264 Ind. 88, 98, 339 N.E.2d 792, 798.

The judgment of the trial court is affirmed.

All Justices concur.