Homer MAHAFFEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 982S329.

Supreme Court of Indiana.

Feb. 10, 1984.

James R. Bielefeld, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Homer Mahaffey, was tried and convicted in a trial by jury upon a charge of child molesting. The charge alleged that he engaged a seven year old girl in sexual conduct in violation of Ind.Code § 35–42–4–3(a). The offense is a class B felony, and the trial court enhanced the basic sentence by ten years, and gave the maximum sentence of twenty years in accordance with the authority granted by Ind.Code § 35–50–2–5. Several specifications of error are presented:

(1) error in admitting appellant's statement into evidence;

(2) error in utilizing a doctor's pre-trial report of psychiatric examination in arriving at the sentence;

(3) denial of a fair trial and the right to call defense witnesses through lack of compliance with the statute governing the defense of insanity;

(4) denial of the right to the effective assistance of counsel at trial;

(5) error in failing to properly consider mitigating factors at sentencing.

The facts most favorable to the verdict show that appellant engaged in oral-genital contacts with his seven year old female child, and that he photographed several such contacts. He drank heavily during these episodes. The child was nine years old at the time of the trial and provided descriptive testimony.

I.

Appellant went to the Hammond Police Department to confer with detectives about a burglary of his apartment. After this conference was over, he was given an advisement of rights, and signed a waiver of rights form in which he acknowledged that he understood he was not under arrest and was free to leave the office at any time. He was then questioned by some detectives about nude pictures which portrayed him and his daughter that had come into police possession, and admitted taking the photographs. He then left the police station after receiving a name card from the detectives.

Defense counsel filed a motion to suppress the incriminating admission, which alleged that his statements had not been "voluntarily given and were in violation of the Defendant's 5th Amendment, Constitutional Rights, and a violation of his Miranda Rights." The motion was denied. A like objection at trial was overruled.

Appellant now contends that the advisement of rights given to him by the detectives was not in compliance with the requirements for them in *Miranda v. Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. We agree, however, the advisement clearly and unmistakably informed appellant that he was not under arrest and was free to leave if he wished. The challenged incriminating admission was made after the advisement was given and the acknowledgement was signed. The substance of the written representation that he was not being held was intended in truth and in good faith by the police, and did govern during the brief period of questioning, as it was actually carried out, when, after making the admission appellant was permitted to leave. Under these circumstances, the inaccurate advisement regarding the right to counsel at public expense, is of no consequence, because at the time of questioning, appellant was not in custody or otherwise deprived of his freedom by authorities in any significant way, and therefore the *Miranda* requirements did not apply. *Oregon v. Mathia-*

*son,* (1977) 429 U.S. 492, 498, 97 S.Ct. 711, 715, 50 L.Ed.2d 714. The incriminating admission was properly permitted into evidence.

## II.

■ In arriving at the sentence, the trial judge stated at the hearing "from the pre-sentence report and from a medical report previously submitted in this case, that Mr. Mahaffey is prone to violence." The medical report to which reference was made was the product of a court-appointed physician made during the pre-trial period pursuant to the statute which became operative when appellant filed his special plea of insanity. No claim has been made at any point in this case that the content of the medical report was not relevant for sentencing purposes. The claim is now made on appeal that the use of the medical report to support the enhancement of the sentence violates the constitutional privilege against self-incrimination.

The Fifth Amendment and Art. I, § 14 of the Indiana Constitution decree that persons shall be free from being compelled to make disclosures that might subject them to criminal prosecution or that might aid in convicting them. . In arguing that his disclosures to the doctor provided the basis for the doctor's report, and thus the report itself fell within the area protected by these constitutional provisions, he cites *Estelle v. Smith,* (1981) 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359. In that case the prosecuting authority initiated the psychiatric examination of the defendant, for the pre-trial purpose of determining whether he was competent to stand trial. The prosecution then utilized the resulting report as evidence at the penalty phase of the case to sustain its burden to prove him dangerous. In many respects *Estelle v. Smith* is in harmony with this Court's opinion in *Haskett v. State,* (1970) 255 Ind. 206, 263 N.E.2d 529, where we held that the defendant could not be compelled to respond at a psychiatric examination initiated by the prosecution for the purpose of determining whether he was a criminal sexual

psychopathic person and subject upon such pre-trial determination to be confined in a state psychiatric institution for an indefinite period, possibly life. And in like manner it is in harmony with a significant part of the Court's rationale, stated in the concurring opinion of Pivarnik, J., in *State ex rel. Kiritsis v. Marion Probate Court,* (1978) 269 Ind. 550, 381 N.E.2d 1245. There, the defendant in a criminal prosecution filed a special plea of insanity and the jury returned a verdict of not guilty by reason of mental illness. The verdict by statute triggered a civil commitment procedure requiring a new psychiatric examination. The Court held that Kiritsis could be compelled to participate in this post-trial examination consistent with the privilege.

Like the situation in *Kiritsis,* and unlike the situations in *Estelle* and *Haskett,* appellant Mahaffey initiated the psychiatric examination when he filed his special plea of insanity, and accepted the fact that he would be then subject to psychiatric examination and evaluation for the purpose of generating evidence admissible in the on-coming trial and useful to the prosecution in defeating his position. So far as the record before us discloses, he participated fully and freely in those examinations and voluntarily made the disclosures upon which the doctor based the challenged medical report to the court. This is in contrast to the situation in *Estelle* where the prosecution initiated the examination and the defendant was unaware of the fact that during it he would be producing evidence useful to the prosecution. It is of no constitutional significance that appellant exercised his right to withdraw his plea of insanity and that the medical report was not in fact used in the trial on the issue of guilt. Appellant himself in effect requested the mental examination, and therefore he may not complain that his privilege against self-incrimination was violated.

## III.

■ On the first day of trial appellant withdrew his insanity defense. At the time, one of the court-appointed doctors

had not yet filed his report concerning appellant's mental condition with the court, and appellant claims that such lack of compliance with the implicit requirement of the governing statute, Ind.Code § 35–5–2–2, violated his right to a fair trial and to call witnesses on his own behalf. The report was filed by the doctor two days later. Appellant did not raise this complaint with the trial judge prior to or at trial. There was a legal avenue open to the defense to enforce compliance with the statute, through an appropriate motion. The defense simply chose to go forward and make the decision to withdraw the insanity defense, without taking advantage of the opportunity to invoke the trial judge's discretion to deal with the matter. In the absence of consideration in the adversarial context of the question, we are unable to determine whether for example necessity may have caused the late filing, or that the choice of the defense was most reasonable irrespective of what the opinion of the nonreporting doctor may have been. This claim on appeal of impingement is not substantiated.

### IV.

■ Appellant contends that he was not provided effective assistance of counsel for his defense at trial. The standard governing this claim was set forth in *Crisp v. State*, (1979), 271 Ind. 534, 394 N.E.2d 115. There we said:

"This Court has held that:

'Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience does not necessarily amount to ineffective counsel, unless, taken as a whole, the trial was a mockery of justice.

\*      \*      \*      \*      \*      \*

We have recently held that this standard, modified by the "adequate legal representation" standard . . . is still a worthy standard.

\*      \*      \*      \*      \*      \*

In applying the mockery of justice adequacy standard this Court will look to the totality of the circumstances at tri-

al. . . . There is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome this presumption.' " (Citations omitted.)

Appellant contends that the standard is met upon consideration of defense counsel's decision to drop the insanity defense upon the basis of the single adverse medical report, and in failing to seek a psychological evaluation by independent parties who could testify on behalf of the defense. According to statute it is the duty of the court to appoint disinterested and competent experts when the intent to interpose the defense of insanity is indicated. Because these specialists are skilled professional persons and insulated by the court from special influence by either prosecution or defense, reliance upon their views by defense counsel is most reasonable. Defense counsel is also in a good position to observe and evaluate his client's behavior and attitudes, and judge from all the natural sources of relevant information, including his knowledge of the nature and penal consequences of a successful defense of insanity, whether it is in the client's best interest to go forward with the defense at trial. Reliance upon court-appointed specialists alone, and reliance upon a single adverse report in withdrawing a plea of insanity, before trial, could not render an otherwise decent defense ineffective or inadequate. This claim is not sustained.

### V.

■ Appellant next claims that the trial court erred in not considering his alcoholism as a mitigating factor. Under the Indiana sentencing statute a finding of mitigating factors is discretionary with the court. *Cornelius v. State*, (1981) Ind., 425 N.E.2d 616. The trial court explained his rejection of appellant's abuse of alcohol when announcing the sentence. He stated:

"Mr. Mahaffey's use of alcohol is a convenience, something that he has chosen to do over an extended period of time. Presentence report which the Court is considering reflects Mr. Mahaffey's essentially not concerned at all because of

what we might say is [his] alcohol problem."

The trial court did not ignore this factor, but fully evaluated it and found that it should have no mitigating weight. The trial court is in the best position to make this decision. *Logsdon v. State*, (1980) Ind., 413 N.E.2d 249. There was no abuse of discretion here, and we hold that the sentence was not manifestly unreasonable.

The judgment is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.