Dean R. MARSH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 384S82.

Supreme Court of Indiana.

July 30, 1985.

Jerry E. Levendoski, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Dean R. Marsh was found guilty by a jury in the Allen Circuit Court of Class B felony robbery, Ind.Code § 35–42–5–1 (Burns 1985 Repl.). He subsequently was sentenced by the trial judge to a term of twenty years. The sole issue presented for our consideration in this direct appeal is whether the trial court erred by admitting a witness's in-court identification of Marsh.

The facts tend to show that on January 27, 1983, Defendant and William Neumann robbed an employee of a restaurant in Fort Wayne. The employee was never able to identify the robber and remembered only his green hat, dark glasses and mustache. Fellow employee Jerry Springer, however, testified that he was standing in the restaurant kitchen at 8:00 a.m. when a man he identified as Defendant entered the back door. The man had on a green hat, dark glasses and a mustache. He walked up the aisle and turned into the manager's office. Springer continued with his work and did not see the man again, but five minutes

later the robbery victim came out of the office gagged and loosely bound.

The circumstances of the pretrial identification procedure of which Defendant complains are that two weeks after the instant robbery, Defendant and Neumann robbed the restaurant again and were apprehended. The next day witness Springer accompanied police to the courtroom where Defendant and Neumann were being arraigned on the second robbery. Springer knew the names of the two suspects in this cause and when Defendant's name was called and Defendant appeared, Springer told police he was the same man he had seen in the restaurant during the first robbery. Under the circumstances of this confrontation, Springer knew the name of the man arrested in the second robbery of his restaurant and made his identification when Defendant was singled out and presented to him. The State does not disagree that this identification procedure at Defendant's arraignment was so suggestive that any identification resulting from it would be inadmissible. *See Aron v. State,* (1979) 271 Ind. 412, 393 N.E.2d 157; *Hall v. State,* (1978) 269 Ind. 24, 378 N.E.2d 823; *see also Neil v. Biggers,* (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401. Defendant's contention therefore is correct that Springer's identification testimony was inadmissible unless clear and convincing evidence proved that it was based on observations independent of the above confrontation. *Allen v. State,* (1982) Ind., 439 N.E.2d 615, *on remand,* (1983) Ind., 453 N.E.2d 1011. We look to the totality of the circumstances to determine whether an independent basis for the identification existed. *Kusley v. State,* (1982) Ind., 432 N.E.2d 1337. The factors to be considered are the length of the initial observation of the accused, the lighting conditions, the distance between the witness and the accused, the witness's capacity for observation, the witness's level of certainty, any discrepancy between the witness's initial description and the actual description and any identifications of another person. *Morgan v. State,* (1980) 272 Ind. 504, 400 N.E.2d 111; *Swope v. State,* (1975) 263 Ind.

148, 325 N.E.2d 193, *cert. denied,* 423 U.S. 870, 96 S.Ct. 135, 46 L.Ed.2d 100.

The evidence most favorable to the State tends to show that although Springer saw Defendant for only a few seconds from thirty to forty feet away, he was under fluorescent lights. He testified he was certain of his identification and that it was based only on his observation of Defendant in the restaurant. The evidence showed that a few weeks before trial, Springer chose someone other than Defendant from a lineup. He changed his mind, however, and finally chose Defendant. He testified his confusion resulted from the fact that Defendant had grown a beard by the time of the lineup, whereas at the time of robbery he had only a mustache. Springer expected Defendant to have tried to change his appearance in some way, and Springer was confused and initially chose a clean-shaven, lineup member thinking Defendant might have shaved his mustache. He insisted, however, his identification of Defendant was accurate and that it was based on his observation of Defendant at the restaurant and at the time of the first robbery. This evidence before the jury was sufficient to show independent recollection of witness Springer at the time of his testimony. Discrepancies in his testimony go only to the weight of the testimony and not to its admissibility. The trial court therefore properly permitted the jury to determine the weight and credibility of Springer's testimony and under our standard of review we will not reweigh this evidence. *Morgan, supra.* The record further shows Defendant's accomplice Neumann testified against Defendant implicating him in the first robbery. This testimony alone would suffice to convict Defendant. *Marsh v. State,* (1985) Ind., 477 N.E.2d 877; *Smith v. State,* (1983) Ind., 455 N.E.2d 346.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, J., concur.

PRENTICE, J., dissents without opinion.

HUNTER, J., not participating.