Lamar SHAW, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 285S49.

Supreme Court of Indiana.

March 12, 1986.

Frederick T. Work, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Lamar Shaw was convicted by a jury in Lake County Superior Court of Rape, a class A felony. The Honorable James E. Letsinger subsequently sentenced him to be committed to the Department of Corrections for twenty-five (25) years. Appellant Shaw now appeals and raises the following three issues:

1. the trial court erred by excluding evidence pursuant to a motion *in limine;*

2. the trial court erred by failing to order a mistrial *sua sponte;* and

3. sufficiency of the evidence.

The facts adduced at trial are that L.M., the victim, visited Raymond Jackson's home on May 16, 1983. L.M. was accompanied by Ramona Jones and encountered Appellant when she arrived at Jackson's home. After visiting for about an hour, she and Ramona decided to leave. Appellant decided to accompany them. While walking, Appellant showed L.M. his .44 Magnum handgun. However, L.M. was not frightened it would be used towards her as Appellant was stating he might perpetrate a robbery with it. After awhile Ramona asked L.M. to return to Jackson's home and get him. Appellant escorted L.M. back to Jackson's house. Jackson refused to come with them, but in the course of conversation handed Appellant another handgun. Appellant and L.M. left Jackson's home and en route to where they left Ramona, Appellant began to tug L.M. into a wooded area. She resisted but he began to beat her with one of the guns. Upon reaching an abandoned house, Appellant threatened L.M. until she undressed. She resisted him thereafter to the point that he struck her with his gun and rendered her unconscious. When she regained consciousness he was on top of her having sexual intercourse. She began to scream and struggle, so he beat her to unconsciousness again. The second time she regained consciousness, he was standing across the room with his back towards her. She managed to get her slacks on and escape. She ran, half naked, to the nearest road, where a driver responded to her wav-

ing. The driver took her to the nearest area where the police could be contacted. Once the police arrived, an ambulance was summoned and L.M. was taken to the hospital for treatment.

## I

Appellant argues the trial court erred by granting the State's motion *in limine* and excluding evidence that the eighteen (18) year old, unwed, victim had her two children with her the night of the crime. The trial court granted the motion pursuant to the rape shield law, Ind.Code § 35–37–4–4 (Burns Supp.1985). Appellant argues this evidence was not designed to reveal L.M.'s sexual history, rather it would be used to establish all who were present at the time of the alleged rape. A motion *in limine* is only a temporary order that requires a party to notify the court when he intends to offer evidence covered by the order so the court can at that time determine the admissibility of such evidence. A challenge to the court's ruling on a motion *in limine* presents nothing for this Court's review but must be based on the trial court's exclusion of evidence offered at trial. *Davidson v. State* (1982), Ind., 442 N.E.2d 1076. Appellant did not attempt to enter into evidence the fact that L.M. had her two children with her the evening of the rape and has therefore waived this issue. Further, we note that had Appellant attempted to introduce this evidence, it fell clearly within the purview of the rape shield statute and would have been properly excluded.

## II

Appellant next alleges that the prosecutor's statement in closing argument, that there is so much violence in Gary because everyone is armed, was so prejudicial it constitutes reversible error. He contends that when counsel objected at trial to this statement, the court should have *sua sponte* declared a mistrial. However, Appellant's counsel merely made a general objection that was sustained by the court. Neither a mistrial nor admonition

was requested. Appellant does not advance any particular argument supporting his contention that the trial court should have ordered a mistrial *sua sponte*. Rather Appellant relies on the alleged severity of prejudice he imparts to the prosecutor's statement. Before a defendant is entitled to reversal he must affirmatively show there was error prejudicial to his substantial rights. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. The prosecutor's statement, though irrelevant, was not so prejudicial as to merit reversal. In light of the overwhelming evidence of Appellant's guilt, the statement was harmless error.

## III

Appellant finally contends there was insufficient evidence to support the finding that Appellant forced L.M. to have sexual intercourse. Appellant supports this contention by attacking the credibility of L.M.'s testimony. He merely points out conflicts in her testimony. This clearly does not provide a basis for reversal. Upon reviewing a sufficiency of evidence challenge, this Court neither weighs the evidence nor determines the credibility of witnesses, rather we look to evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. We then determine if there is substantial evidence from which the trier of fact might reasonably have inferred guilt beyond a reasonable doubt. *Linder v. State* (1985), Ind., 485 N.E.2d 73. Here, the victim testified she was gripped by the arm and forced into a wooded area where Appellant hit her with a gun rendering her unconscious. When she regained consciousness, Appellant was already on top of her having intercourse. When she attempted to scream and began to struggle he knocked her unconscious once again. When Appellant was through and L.M. had regained consciousness, she scurried into her slacks and fled. A driver rescued the half naked victim from the side of the road. Once police were summoned, L.M. was transported to the hospital. It is well settled that a conviction for rape can rest on

the uncorroborated testimony of the victim. *Johnson v. State* (1982), Ind., 432 N.E.2d 1358. Here, there was more than sufficient evidence to support the jury's finding that force was used when Appellant had sexual intercourse with L.M. Accordingly, Appellant has failed to present any reversible error.

The trial court is in all things affirmed.

GIVAN, C.J., and DEBRULER, SHEPARD and DICKSON, JJ., concur.