**Ricky CRAIG, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 49S00–8611–CR–946.

Supreme Court of Indiana.

Dec. 2, 1987.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Shaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On July 28, 1986 Defendant–Appellant Ricky Lee Craig was convicted of Robbery, a class A felony, and Resisting Law Enforcement, a class A misdemeanor. He was sentenced to a total of thirty-five (35) years and placed in the custody of the Department of Corrections. Craig's Motion to Correct Errors was denied and he appealed to this court.

Craig raises the following issues on direct appeal:

1. insufficient evidence to sustain his conviction based on lack of proper identification evidence; and

2. trial court error in admitting certain pictorial exhibits.

The facts most favorable to the State show that at approximately 2:30 p.m. on

April 23, 1986 Robert Swimm was cleaning his employer's catering truck which was parked in an alley behind the Upstairs Downstairs Restaurant in Indianapolis. Dishwasher Clinton Earl was also there finishing his work for the day. Craig and friend Isaiah Taylor came upon Swimm and Earl; Craig pushed Earl and demanded money. Taylor stepped in and stopped Craig, and Earl ran inside the restaurant. The assistant manager of the restaurant stepped outside to see what the problem was and, for the time being, things calmed down. After the manager left however, Craig pulled Swimm down off the truck, hit him in the face, and demanded money. Swimm broke free and ran into the restaurant to call the police. Craig chased after him, took the phone away from him and hit him again. He forced Swimm up against a counter and took his wallet. Craig struck him again until Swimm was able to flee from the restaurant; Craig pursued him but fell over some tables. Swimm ran to a nearby shop where the police and an ambulance were called. Swimm suffered a broken nose and cheekbone.

Soon after, about a block from the restaurant, Craig and Taylor started to fight. Officer Benjamin attempted to break up the fight, and Craig lashed out in an attempt to hit Benjamin. Officer Karen Arnett aided Benjamin. Later she interviewed Earl regarding the robbery. When Earl's description of the two men matched Craig's and Taylor's appearance, she transported Earl to the scene of the second fight. Earl positively identified Craig and Taylor. He then went back to the restaurant and cleaned up the blood and overturned tables from the fight. A few hours later, Swimm returned to the restaurant with police where he gave a statement and pictures were taken of the scene.

I

■ Craig first contends the evidence was insufficient to convict him beyond a reasonable doubt because of slight discrepancies in eyewitness testimony. These discrepancies, however, go to the weight of the testimony and not its admissibility. *Marsh v. State* (1985), Ind., 480 N.E.2d 927,

928. It is, of course, up to the jury to decide how much weight to give the evidence. While Swimm and Earl could not agree on the exact color of Craig's clothing, they each identified Craig as being the person who instigated the fight and robbed Swimm. The main identifying factor was the ring in Craig's nose. Officer Benjamin and Isaiah Taylor also stated Craig wore a ring in his nose. Taylor, Craig's friend, testified that Craig indeed scuffled with Swimm. Moments after the fight ended, Earl identified Craig while he was being held by officers at the scene of the fight between Taylor and Craig.

■ When sufficiency of the evidence is challenged on appeal, this court will not reweigh evidence or judge the credibility of witnesses. Rather, we look only to the evidence most favorable to the State and all reasonable inferences drawn therefrom. Where there is substantial evidence of probative value to support the conviction, the conviction will stand. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1102. The above-stated facts clearly show the identification testimony was sufficient to convict Craig.

■ Within his sufficiency argument, Craig also challenges the propriety of Earl's identification of Craig at the scene of the fight between Craig and Taylor. He contends the identification procedure was so unduly suggestive as to create a substantial likelihood Earl misidentified him. Craig properly states that the court will, in these situations, look to the totality of the circumstances to determine if the identification was overly suggestive and thus violative of a defendant's rights. The factors the court will consider include the length of initial observation of the defendant by the person identifying him, lighting conditions, distance between the witness and defendant, the witness' capacity for observation and his level of certainty, discrepancies between the witness' initial and actual description, and any identifications of another person. *Marsh*, 480 N.E.2d at 928.

■ Here, Earl identified Craig within minutes of the fight in the restaurant only a block away from the scene. He stated both Craig and Taylor were at the scene in and near the restaurant. Although these

types of show-ups may be suggestive, under similar circumstances we have found merit in having a witness observe a suspect while his image is still fresh in the witness' mind. *Lyons v. State* (1987), Ind., 506 N.E. 2d 813, 815. In this case, it was daytime, Earl saw Craig at close range for several minutes, he clearly identified Craig, he made no identifications of other persons, and the only discrepancy in his description was the color of Craig's clothing. He also unequivocally identified Craig in court along with Swimm and Taylor. The circumstances clearly indicate the identification was not impermissibly suggestive. The evidence is sufficient to sustain Craig's conviction.

## II

 Craig also contends State's Exhibits 1, 6, 8, 10, and 11, photographs of the crime scene, were improperly admitted in that they were taken after the blood and disarray resulting from the robbery struggle had been cleaned up. He attacks the foundation of these exhibits as not properly representing the crime scene as it originally existed. The State conceded at trial that the photographs were taken a few hours after the incident, and things had been cleaned up. The record shows the exhibits were admitted for the purposes of showing the jury the place where the crime occurred and orienting them to the layout of the restaurant. Exhibits may be admitted where they are established to be a true and accurate representation of the object intended to be portrayed. *Schoffstall v. State* (1986), Ind.App., 488 N.E.2d 349, 354. The admission of exhibits is within trial court discretion and the court will be reversed only for an abuse of discretion. *Id.* The exhibits were admitted solely to familiarize and orient the jury with the scene, not as being representative of the scene directly after the crime occurred. The trial court properly admitted the photographs.

Accordingly, the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.