**Richard A. WATSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 82S00–8812–CR–1024.

Supreme Court of Indiana.

Sept. 14, 1989.

Timothy R. Dodd, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the crime of Robbery Resulting in Serious Bodily Injury, a Class A felony, for which he received a sentence of thirty (30) years enhanced by twenty (20) years by reason of aggravating circumstances. Appellant also was charged and tried for Felony Murder and Murder; the jury, however, was unable to reach a decision on those two counts. As a result, the court declared a mistrial as to those counts. After the trial court sentenced appellant on the robbery count, the State indicated that the felony murder and murder counts would be dismissed.

The facts are: In March of 1980, appellant, an unidentified man, and Gino Rankin discussed robbing Carlie Glore, a 78–year-old man whom they believed to carry a lot of money. At approximately 6:30 a.m. on March 31, 1980, the unidentified man drove appellant and Rankin to an alley near Mr. Glore's home in Evansville. Appellant and Rankin walked a short distance to the Glore garage where Rankin struck him repeatedly over the head with a tree limb. After he fell to the ground, appellant shot him twice with a .25 caliber pistol. The coroner found that Glore had died from the blow on the head rather than the gunshot wounds.

Following the incident, Rankin's brother heard Rankin and appellant discussing the crime. He in turn told his friend and coworker, Tom Suhrhenreich, about the conversation he had heard. It was not until November of 1986 that Suhrhenreich contacted the Evansville Police Department concerning the matter. Following an investigation, this prosecution resulted.

Appellant claims the trial court erred in admitting photographs of the murder scene which were taken some six years after the commission of the offense. The photographer, Officer Steven Cain, testified at length as to the accuracy of the photographs as they depicted the scene in 1986. However, he also testified that he was not

familiar with the scene as it appeared in 1980 and could not testify as to whether the photographs accurately depicted the scene at that time.

However, Officer John Althoff was present during the initial investigation in 1980, and he testified that the scenes depicted in the photographs were geographically the same as the scenes he had photographed in 1980. Photographs which show the place where a crime has occurred are generally admissible to aid the jury in orientation as to the layout of the scene. *Craig v. State* (1987), Ind., 515 N.E.2d 862.

Although appellant has alleged error concerning these photographs, he gives no reason why he was prejudiced in any way by their admission. We have previously stated that an appellant must affirmatively show error prejudicial to his substantial rights before he is entitled to a reversal of his conviction. *Shaw v. State* (1986), Ind., 489 N.E.2d 952. We see no reversible error in the admission of the photographs of the scene.

Appellant claims the trial court erred in admitting State's Exhibits Nos. 29 and 30, which are autopsy photographs of the victim. He takes the position that because the identifying officer could not positively state that he had seen and examined each of the photographs after they had been developed, but testified only that they were contained in the police packet which was made up after he had taken the photographs, the photographs were not properly identified and should not have been admitted.

However, appellant makes no argument that the photographs are not those of the victim nor does he argue that they in any way are false or misleading. The fact that the officer testified he had taken the photographs but could not say that he had examined each of them after they were developed goes only to the weight rather than the admissibility of the evidence. *See Russell v. State* (1988), Ind., 519 N.E.2d 549.

Even if we would assume for the sake of argument that the photographs were not properly identified, there nevertheless has been no prejudice shown to appellant by their admission. *Shaw, supra.* We see no reversible error in the admission of State's Exhibits 29 and 30.

Appellant claims the trial court erred in overruling his motion for mistrial which was based upon misleading and confusing instructions read to the jury concerning the murder count and the felony murder count. It is true that the trial judge reread those instructions three times to the jury and it might logically be inferred that they were confused concerning those counts. However, as pointed out by the State, the jury could not reach a verdict on either the felony murder count or the murder count and convicted appellant of only the robbery count.

The robbery count was not involved in the confusion from the reading of the instructions. Under these circumstances, we fail to see how appellant could have been placed in a position of grave peril warranting a mistrial by reason of the confusion in the instructions. We find no reason to reverse the robbery count because of the confusion.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.