Dean R. MARSH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 284S58.

Supreme Court of Indiana.

May 21, 1985.

Jerry E. Levendoski, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Dean Marsh, was convicted by a jury of robbery, a Class B felony, Ind.Code § 35–42–5–1 (Burns 1985 Repl.), confinement, a Class B felony, Ind.Code § 35–42–3–3 (Burns 1985 Repl.), and theft, a Class D felony, Ind.Code § 35–43–4–2 (Burns 1985 Repl.), and was sentenced to three consecutive terms of imprisonment of twenty, twenty, and four years. In this direct appeal he challenges the police action of stopping the vehicle in which the defendant was a passenger and the admission of evidence discovered as a result of the detention.

The facts most favorable to the state are that on February 15, 1983, the defendant and his companion, each wearing a ski mask, robbed at gunpoint two employees of a restaurant. The victims notified the police immediately after the robbery and informed the police that the robbers, two white men, were likely to be enroute to a particular address. A police officer positioned himself in his squad car approximately one block away from the supposed destination of the robbers. The time was 1:45 a.m. and the officer testified no vehicles were in sight until the vehicle in which the defendant and his companion were traveling appeared and continued past him. The officer testified that the occupants of the vehicle appeared unusual in the manner in which they avoided looking his way as they passed by. At that time, he made the decision to pull the vehicle over.

■ The state does not argue in its brief that the defendant does not have standing to contest the legality of the search and seizure of the vehicle and its contents. See *Rakas v. Illinois* (1978), 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387; *Pollard v. State* (1979), 270 Ind. 599, 388 N.E.2d 496. We will briefly address the issues of the legality of the police conduct.

■ When the officer initially stopped the vehicle he had a reasonable suspicion that his action was appropriate. A robbery by two white men had just occurred and the officer was near the robbers' possible destination. The hour was late and the streets empty but for the defendant's and his companion's vehicle. The officer found their behavior unusual. These facts indicate the constitutionality of the officer's action pursuant to *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, in which the Supreme Court held that an individual may be stopped and frisked absent probable cause for arrest where the officer has a reasonable suspicion that the individual is involved in criminal activity. This case differs from *Williams v. State* (1985) Ind., 477 N.E.2d 96, in which we determined that a *Terry* stop was unlawful. In *Williams*, the officer's grounds for suspicion were, we felt, insufficient to justify an intrusion. The facts on which his suspicions were based were the late hour, the high-crime neighborhood, and the fact that the defendant had something in itself not suspicious tucked under his arm. The major difference with the case at bar is that, here, a specific crime had been freshly committed and the officer believed he was near the perpetrators' destination. The need for swift and effective law enforcement justified the stop and frisk of the defendant. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *see also Williams v. State* (1974), 261 Ind. 547, 307 N.E.2d 457.

After the defendant and his companion exited the vehicle and were frisked, the officer shined his flashlight into the vehicle and observed the butt of a gun, two ski masks, and the money bag and money taken in the robbery. One of the victims was called to the scene and identified the two men as the robbers.

■ The evidence taken from the car was in plain view to the officer, and, therefore, was not seized as a product of a search. *Alcorn v. State* (1970), 255 Ind. 491, 265 N.E.2d 413. His use of a flashlight did not transform his observation into a search. *Id.*, 265 N.E.2d at 417.

Therefore, the defendant's contention that the evidence seized from the automobile should have been suppressed at trial is meritless. The evidence was not unlawfully taken. We note too that the defendant's accomplice pleaded guilty and testified for the state. His testimony alone was sufficient to convict the defendant. *Smith v. State* (1983) Ind., 455 N.E.2d 346.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.