Cordell George **GAGE**, Appellant (Defendant below),

v.

**STATE** of Indiana, Appellee (Plaintiff below).

Gregory Gilbert **HUNT**, Appellant (Defendant below),

v.

**STATE** of Indiana, Appellee (Plaintiff below).

No. 1085S403.

Supreme Court of Indiana.

March 25, 1987.

Donald C. Swanson, Jr., Fort Wayne, for Cordell George Gage.

Robert Owen Vegeler, Deputy Public Defender, Fort Wayne, for Gregory Gilbert Hunt.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendants-Appellants Cordell George Gage and Gregory Gilbert Hunt were jointly tried, and each found guilty by a jury, in the Allen Circuit Court of robbery, a class B felony. The trial court subsequently sentenced Gage to a term of twenty (20) years and Hunt to a term of ten (10) years. Four issues are presented for our consideration in this direct appeal:

1. error as to Hunt, concerning admission into evidence of State's Exhibit 6, a sawed-off shotgun;

2. error as to Gage, concerning admission into evidence of State's Exhibit 7, four shotgun shells;

3. sufficiency of the evidence; and

4. sentencing of Hunt.

The facts show the robbery occurred at Cley's Recreation, in Fort Wayne, Indiana. Cley's was an establishment operated by Edward L. Russell, in which there was card playing, pool, and dice. On November 1, 1984, Appellants Gage and Hunt entered Cley's Recreation somewhere between 10:00 and 10:30 p.m., in the company of Mr. Haney. Twelve to fifteen people were in the establishment, including Deborah Stark, one of the robbery victims. Hunt was involved in a dice game being played on the pool table and operated for the house by Tarie Waller. Hunt became en-

gaged in an argument with Waller concerning a five ($5.00) bet. The disagreement interrupted the game so Edward Russell paid Hunt the five ($5.00) dollars. Hunt then walked toward the door of the pool hall, turned around, and aimed a sawed-off shotgun at the players. He announced a "stickup," discharged the shotgun into the wall near the ceiling, and ordered everyone to lie on the floor. At this time, Gage ordered Russell to stand up and give him any money in his pockets. Russell took sixty ($60.00) dollars out of his pocket and gave it to Gage. Gage then took Deborah Stark's purse, removed fifty ($50.00) dollars from it and threw the purse on the floor. Appellants then left the pool hall.

Hunt's testimony conflicted with that of Russell and Stark. Hunt testified that when he became involved in an argument with Tarie Waller, Deborah Stark interposed herself and threatened Hunt. Hunt said he knew Stark had previously killed a man in the upstairs portion of the same building and thought she carried a pistol with her in her purse. He said she reached for her purse as she threatened him. He feared she intended to pull a weapon from it so he discharged the shotgun into the wall or ceiling to deter her. He said he grabbed her purse and threw it to the floor so she could not get a gun out of it. He denied that either he or Gage had taken any money from either Stark or Russell.

Russell called the police immediately after Appellants left the scene. Appellants were arrested by the police at a gasoline station approximately one and one-half miles from Cley's.

I

■ Appellant Hunt claims the trial court erred in admitting into evidence State's Exhibit 6, the sawed-off shotgun used in the robbery. Fort Wayne Police Officer Geller testified that when he arrested Hunt in the automobile at the gasoline station, the shotgun was lying partially in view under the seat of the automobile. Geller took possession of the shotgun and found it contained a live round of ammunition. Geller also obtained four live shot-gun shells from the back seat of the automobile. Geller attached a tag with identifying notes on it onto the shotgun but did not place any distinguishing marks on either the shotgun or the rounds of ammunition. He then placed all of the items in a paper bag, stapling the top of the bag shut, and putting identifying marks on the outside of the bag. This bag was then deposited in the police property room where it remained until it was brought to court. Victim Russell examined the shotgun and identified it as the weapon used in the robbery. Officer Geller identified the shotgun and stated that it appeared to him to be in the same condition it was in on November 1, 1984, the day he placed it in the property room. The trial court admitted the shotgun into evidence, stating the supporting testimony was sufficient, particularly in view of the unique characteristics of the weapon. However, the trial court refused to admit the four rounds of live ammunition since there were no identifying marks on them to distinguish them from any other shotgun shells.

Appellant Hunt's only objection to the admission of the shotgun is the supporting testimony did not prove it was in "substantially an unchanged position." We see no merit to Appellant's contention. First, we note Appellant Hunt testified the weapon was his and was used in this incident. Further, this Court stated in *Woodard v. State* (1977), 267 Ind. 19, 24, 366 N.E.2d 1160, 1164:

> These items were all hard physical evidence whose characteristics were capable of eyewitness identification, unlike the fungible narcotics involved in *Graham v. State* (1970), 253 Ind. 525, 255 N.E.2d 652. It is a sufficient foundation for the introduction of such items into evidence that a witness identifies the item and it has relevance to the issues of the case. *Owens v. State* (1975), 263 Ind. 487, 333 N.E.2d 745.

> 'If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad

discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition.'

McCormick, Evidence § 212 at 527 (2d ed. 1972).

Any evidence of tampering or the possibility of tampering goes to the weight of the evidence. It was not error for the trial court to admit these items of evidence.

The trial court properly admitted the shotgun into evidence.

## II

Appellant Gage contends it was reversible error to permit into evidence, over objection, State's Exhibit 7, consisting of four shotgun shells, claiming they were the product of an illegal search and seizure.

Officer Stephen Haynes testified he confronted Gage at the pay window of the gasoline station where Appellants were apprehended. Haynes testified he searched Gage prior to placing him under arrest and found a large number of bills and four shotgun shells.

Where a police officer has a reasonable suspicion that a subject is involved in criminal activity, the officer may frisk the subject without making an arrest even in instances where probable cause is not present. *Marsh v. State* (1985), Ind., 477 N.E.2d 877, 878. Here, police saw the car leave the scene of the robbery. When the report of the robbery was broadcast moments later, police who had seen the car leave, broadcast a description of the car. The car was seen moments later at a gasoline station. Police detained the passengers and driver of the car at the gasoline station. Gage was outside the car. Police approached him and frisked him for weapons and, in the course of that frisk, found the four shotgun shells. Other police were apprehending Hunt and the third subject in and around the automobile where the shotgun was found. The police thus had reasonable suspicion of criminal activity and were justified in stopping and frisking Gage for their own protection as well as performing their duty to apprehend those

suspected of crime. The police here had more than mere suspicion; they had probable cause justifying an arrest and an attendant search. The officer did, in fact, arrest Gage at that point, but understandably searched him immediately upon confronting him. The search and arrest were justified and the shotgun shells were accordingly admissible. *Marsh*, 477 N.E.2d 877.

## III

Both Appellants contend the evidence was insufficient to support the verdict of the jury. With regard to sufficiency of the evidence questions, this Court will neither reweigh the evidence nor determine the credibility of witnesses. If there is substantial evidence to support the jury's conclusion that Appellant was guilty beyond a reasonable doubt, the jury's verdict will not be disturbed. *Prine v. State* (1983), Ind., 457 N.E.2d 217, 219. We consider only the evidence most favorable to the State, together with all the reasonable inferences to be drawn therefrom. *Whitt v. State* (1986), Ind., 499 N.E.2d 748, 749. If we find substantial evidence of probative value on each of the material elements of the crime, we will affirm the conviction.

Gage specifically urges the evidence was insufficient to show he was armed with a deadly weapon at the time of the offense. Gage also claims the evidence was insufficient to prove property was taken through the use or threatened use of force. Gage had no weapon in his possession during the incident. The only weapon involved was the sawed-off shotgun which was in the exclusive possession of Hunt throughout the robbery. Gage argues since no evidence was presented of a common plan or scheme between him and Hunt to commit the robbery, possession of the gun cannot be attributed to him.

Hunt specifically urges the evidence was insufficient to show he was an accomplice to any actions of Gage, or that he was a participant in the robbery. Hunt argues since he did not take any property from the pool hall nor approach any patrons of the

establishment, his robbery conviction may not stand. We disagree.

It is not necessary to show a defendant personally participated in each element of the crime. *Watkins v. State* (1986), Ind., 493 N.E.2d 446, 447. Where two or more persons combine to commit a crime, each is criminally responsible for the acts of his confederates. *Goodloe v. State* (1982), Ind., 442 N.E.2d 346, 348. The jury judges the credibility of the witnesses. *Goodloe*, 442 N.E.2d at 348.

Appellants' sufficiency arguments here urge us to reweigh the evidence, which we cannot do. The evidence revealed that on the night of November 1, 1984, Gage and Hunt entered the premises together before the robbery, and left the premises together after the robbery. From this the jury may reasonably infer that they were acting in concert. Hunt fired a sawed-off shotgun and announced a "stick-up." Gage took money from the victims. This strengthened the inference that they were acting together. The jury apparently believed the victims rather than Gage and Hunt. So, although there was conflicting evidence, we find it sufficient to support the verdict of the jury.

Further, Hunt pleads self-defense as the reason for shooting the gun. However, where sufficient evidence supports the jury's determination that there was a robbery, self-defense cannot be applied as a defense to a charge of robbery. *Debose v. State* (1983), Ind., 450 N.E.2d 71, 72; Ind. Code § 35–41–3–2(d)(1) (Burns 1985 Repl.). Thus, Hunt's contention that the State failed to carry its burden of disproving self-defense will not work to overturn his conviction.

## IV

Hunt argues the ten year sentence is excessive in that his age and lack of any significant criminal history require that mitigating circumstances be found and the presumptive sentence be reduced by four years. Hunt believes the entry of the Court at sentencing, that "the sentence required by statute is appropriate," fails to adequately set forth the consideration of mitigating circumstances. However, it is unnecessary for the sentencing court to make a statement of aggravating or mitigating circumstances when imposing the presumptive sentence. *Stoner v. State* (1982), Ind., 442 N.E.2d 983, 985. We presume on review that the sentencing court has correctly evaluated and balanced the aggravating and mitigating circumstances brought to its attention. *Stoner*, 442 N.E.2d at 985. Here, Hunt received the presumptive sentence. As such, it does not avail him to argue that the statement of aggravating or mitigating circumstances may have been inadequate. This claim is not reviewable on appeal and the sentence is not revisable.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.