**Myron McKNIGHT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A04–9205–CR–173.**

Court of Appeals of Indiana, Fourth District.

April 21, 1993.

Rehearing Denied May 13, 1993.

Transfer Denied June 23, 1993.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Myron McKnight appeals his conviction for Possession of a Controlled Substance, a class D felony. IND.CODE 35–48–4–7.

We affirm.

McKnight raises the following restated issue:

> whether trial counsel was ineffective for not attempting to suppress evidence gained from a stop of the motor vehicle in which McKnight was a passenger.

At about 2:00 a.m., on March 15, 1991, Officer Bruce Davidson was dispatched to the scene of a fight in Elkhart, Indiana. About two blocks from the fight scene, Officer Davidson observed an Oldsmobile Delta 88 traveling at a high rate of speed. When the Oldsmobile did not come to a complete stop at a stop sign, Officer Davidson stopped the vehicle and asked the driver, Vance Pace, why he was driving so fast. Pace responded he was in a hurry to go home because he knew he was in violation of a 1:00 a.m. city curfew. At that time, Officer Davidson received a radio call "that the fight was going on and you [Officer Davidson] had [sic] to get over there." Officer Davidson advised Pace and his passengers, McKnight and Titus Fields, to go home. He then proceeded to the fight scene.

Upon arriving, Officer Davidson learned that several of the fight participants had fled the scene in a large vehicle. Recalling his earlier stop of Pace's vehicle, he then decided to stop it again. When he again did so, he knew the occupants of the vehicle were violating curfew. Also, he suspected the occupants had participated in the fight.

As Officer Davidson was approaching the automobile to question the occupants, he observed McKnight, who was sitting in the back seat, stuff something under that seat. Officer Davidson immediately radioed for backup. As he waited for his backup to arrive, Davidson saw McKnight stuff additional items under his seat.

Another officer arrived a few minutes later. Officer Davidson then ordered Pace, Fields, and McKnight to get out of the vehicle. As McKnight climbed out, Officer Davidson observed a small baggie on the floorboard in front of where McKnight had been sitting. Officer Davidson then arrested the three for violating curfew. After the arrest, the officers conducted an inventory search of the vehicle and found ten baggies containing crack cocaine. Six of the baggies were under McKnight's seat, one was on the floorboard in front of his seat.

McKnight was subsequently charged by information with Possession of a Controlled Substance. He was found guilty and received a three year sentence.

McKnight contends his trial counsel was ineffective for failing to move for suppression of the evidence garnered from the stop. He contends the stop was illegal under the reasoning of *People v. Fox* (1990), 203 Ill.App.3d 742, 148 Ill.Dec. 826, 561 N.E.2d 132. In *Fox*, the appellate court affirmed the trial court's grant of a motion to suppress evidence garnered from a second stop of a motorcyclist. A police officer stopped Fox the first time because he was speeding; the second stop was made because the trooper suspected Fox might have a weapon hidden under his jacket by the way he tugged on the jacket during the first stop. In affirming the trial court, the reviewing court noted there must be separate justification for a second stop. 148 Ill.Dec. at 828, 561 N.E.2d at 134 (*citing Terry v. Ohio* (1968), 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889). The court also noted the police officer told Fox "he hadn't done anything wrong the second time, but from the actions that he did in my car [during the first stop], it made me nervous." *Id.* 148 Ill.Dec. at 827, 561 N.E.2d at 133. The court determined there was no independent reason for the second stop.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show trial counsel's performance was deficient and the defense was prejudiced by the deficient performance. *Sims v. State* (1989), Ind.App., 547 N.E.2d 895, 897, *trans. denied (citing Strickland v. Wash-*

*ington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385, 1386–87). Trial counsel is not ineffective if he fails to make a "fruitless" objection. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 97, *reh. denied, cert. denied* 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986).

 The Fourth and Fourteenth Amendments to the United States Constitution are implicated when a police officer stops an automobile since such activity is an intrusion on individual privacy. *Delaware v. Prouse* (1979), 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660. Every person in a motor vehicle has a right to contest the stop of the vehicle in which he is traveling as either a driver or passenger. *Id.* at 662, 99 S.Ct. at 1400–01. An investigatory stop may be made only if the police officer has a reasonable suspicion grounded in specific facts that further investigation is necessary. *Brown v. State* (1986), Ind., 497 N.E.2d 1049, 1051. In evaluating the validity of a stop, the totality of the circumstances must be considered. *Berry v. State* (1991), Ind.App., 574 N.E.2d 960, 964, *reh. denied, trans. denied.*

The facts in the present case are distinguishable from those in *Fox.* Due to the confluence of a number of factors, including the lateness of the hour, the emptiness of the streets, the proximity of Pace's car to the fight scene, the speed with which Pace was driving in the vicinity of the fight scene, and the information gained from a fellow officer that some of the combatants had fled in a large vehicle, Officer Davidson had a reasonable suspicion that Pace and his companions were participants in the fight. *See Marsh v. State* (1985), Ind., 477 N.E.2d 877, 878 (Officer had a reasonable suspicion that his action in stopping vehicle was appropriate when the hour was late and the streets were empty); *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208 (Officer had reasonable suspicion to stop

defendant's vehicle when point of sighting corresponded to where vehicle would have reached had it left the crime scene, and there were few cars on the street); *Zarnik v. State* (1977), 172 Ind.App. 593, 361 N.E.2d 202 (Officers justified in detaining vehicle within the range of possible flight). Furthermore, this suspicion was independent of the initial stop. Therefore, any objection to the admission of the evidence garnered from the second stop would have been fruitless. Accordingly, McKnight's trial counsel was not ineffective for failing to object to such evidence.[1]

Affirmed.

MILLER and RUCKER, JJ., concur.

---

1. McKnight argues the investigating officer admitted on cross-examination that Pace and his companions could not have been in the fight because they were detained by him in the initial stop during the course of the fight. McKnight misreads the investigating officer's testimony, the officer stated while Pace and his companions obviously could not have been participants in the fight during the initial stop they could have been participants prior to the stop. In other words, they were fleeing the fight when they were first stopped.