# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 04 2017, 8:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicholas F. Wallace
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Steven N. Hyland,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 4, 2017

Court of Appeals Case No.
02A05-1605-CR-1166

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge
The Honorable Samuel R. Keirns, Magistrate

Trial Court Cause No.
02D04-1510-F6-1040

**May, Judge.**

Steven N. Hyland appeals his conviction of Level 6 felony resisting law enforcement.[1] He appeals the admission of evidence he claims was obtained unconstitutionally. He also argues the State did not provide sufficient evidence at trial to prove he committed Level 6 felony resisting law enforcement. We affirm.

# Facts and Procedural History

At approximately 2:15 a.m. on October 27, 2015, Officer Lisa Woods responded to a hit and run accident. When she arrived on the scene, Officer Woods observed the victim, who had sustained serious but non-fatal head injuries, on the ground. The vehicle that had struck the victim was gone. Officer Woods spoke with several witnesses, one of whom indicated a silver Pontiac hit the victim, and a maroon station wagon "pulled in and picked up people and drove off." (Suppression Tr. at 21.) Another witness indicated a person named "[C]lick [C]lack" or "Neal[2]" was involved in the incident. (*Id.*) (footnote added). While Officer Woods was interviewing a witness at the gas station across the street from the scene of the accident, another witness indicated the maroon station wagon had just passed the scene and "Neal's in the car." (*Id.* at 26.)

---

[1] Ind. Code § 35-44.1-3-1(b)(1) (2014).

[2] Officer Woods testified she knew the name "[C]lick [C]lack" from her time working in the neighborhood and knew Hyland's middle name was Neal.

[3] Officer Woods left the scene in her marked police vehicle and followed the maroon station wagon ("Hyland's vehicle"). Hyland's vehicle left the immediate commercial area where the hit and run occurred and entered a residential area, where he made thirteen turns in a span of five square blocks. Officer Woods testified she believed Hyland's vehicle exceeded the speed limit for a residential area based on her experience as an officer and "was attempting to get away from [her]." (*Id*. at 40.) At least once, Officer Woods observed Hyland's vehicle make a turn without a turn signal. After that observation, she activated her emergency lights. Hyland kept driving and made another turn without using his turn signal. Officer Woods then activated her siren. Hyland made another turn without using his turn signal. Officer Woods finally caught up with Hyland when he stopped at a stop sign. She then arrested Hyland.

[4] On October 30, 2015, the State charged Hyland with Level 6 felony resisting law enforcement. On January 14, 2016, Hyland filed a motion to suppress evidence or dismiss the charge, arguing the stop of his vehicle was unconstitutional. The trial court denied Hyland's motions on February 22, 2016, after a hearing on the matter. Hyland's jury trial occurred on April 19, 2016, and the jury found him guilty as charged.

# Discussion and Decision

## *Motion to Suppress*

[5] Hyland did not seek interlocutory review of the denial of his motion to suppress but instead appeals following trial. This issue is therefore "appropriately

framed as whether the trial court abused its discretion by admitting the evidence at trial." *Lundquist v. State*, 834 N.E.2d 1061, 1067 (Ind. Ct. App. 2005). Our review of rulings on the admissibility of evidence is essentially the same whether the challenge is made by a pre-trial motion to suppress or by trial objection. *Id.* We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, we must also consider the uncontested evidence favorable to the defendant. *Id.*

[6] The record reflects Hyland did not object at trial to the admission of the video recording from Officer Woods' car, which contained the evidence Hyland sought to suppress, specifically what happened during Officer Woods' pursuit of Hyland's vehicle. "To preserve a suppression claim a defendant must make a contemporaneous objection that is sufficiently specific to alert the trial judge fully of the legal issue. Where a defendant fails to object to the introduction of evidence . . . the defendant waives the suppression claim." *Moore v. State*, 669 N.E.2d 733, 742 (Ind. 1996) (internal citations and emphasis omitted), *reh'g denied*. We address Hyland's argument, waiver notwithstanding.

[7] Hyland was charged with Level 6 felony resisting law enforcement, which required the State to prove he knowingly or intentionally used a vehicle to flee from Officer Woods after she identified herself as a law enforcement officer and ordered him to stop. *See* Ind. Code § 35-44.1-3-1(b)(1) (2014) (elements of Level 6 felony resisting law enforcement). In *Gaddie v. State*, 10 N.E.3d 1249 (Ind. 2014), our Indiana Supreme Court held, "the statutory element 'after the officer has . . . ordered the person to stop' must be understood to require that

such order to stop rest on probable cause or reasonable suspicion, that is, specific, articulable facts that would lead the officer to reasonably suspect that criminal activity is afoot." *Id*. at 1255. We determine whether reasonable suspicion existed on a case-by-case basis by considering the totality of the circumstances. *Person v. State*, 764 N.E.2d 743, 748 (Ind. Ct. App. 2002), *trans. denied*.

[8] Based on *Gaddie*, Hyland contends Officer Woods' stop of his vehicle violated his Fourth Amendment[3] right under the United States Constitution to be free of unreasonable search and seizure because Officer Woods did not have reasonable suspicion to stop Hyland's vehicle. In *Gaddie*, our Indiana Supreme Court decided the State had not proven the officer who arrested Gaddie had reasonable suspicion or probable cause to stop Gaddie after receiving a report of a disturbance because "a report of a disturbance, without more, is not a sufficient basis upon which to conduct an investigatory stop." *Id*. at 1255. However, in this case, the totality of the circumstances created reasonable suspicion to justify Officer Woods' stop of Hyland.

[9] At the scene of the accident, a witness told Officer Woods a maroon station wagon had "pulled in and pick[ed] up people and drove off," (Suppression Tr. at 20), following the collision between the victim and another vehicle. The witness indicated Hyland's vehicle was involved in the accident, and the person

---

[3] At the hearing on his motion to suppress evidence, Hyland also argued the stop violated his rights under the Indiana Constitution. He does not make that argument on appeal.

who was driving the maroon station wagon was known as "[C]lick [C]lack" or "Neal." (*Id.* at 21.) Officer Woods was interviewing another witness when she was told the maroon station wagon, with Hyland driving, passed the scene of the accident. She followed Hyland into a residential area in her marked police car, where the vehicle made multiple turns, weaving from street to street. Officer Woods testified she believed, based on her experience as an officer, that Hyland's vehicle exceeded the speed limit for a residential area and "was attempting to get away from [her]." (*Id.* at 40.) Officer Woods activated her emergency lights after observing Hyland fail to activate his turn signal prior to turning. Hyland made another turn, and Officer Woods activated her siren. Hyland turned again, and Officer Woods caught up with him at a stop sign.

[10] Based on the totality of the circumstances, we conclude Officer Woods had reasonable suspicion to stop Hyland. A witness at the scene of an accident identified Hyland as a person involved in the accident, Officer Woods described his driving as "very erratic," (Trial Tr. at 27), and he failed to use a turn signal multiple times. *See McKnight v. State*, 612 N.E.2d 586, 588 (Ind. Ct. App. 1993) (reasonable suspicion existed when vehicle stopped matched the description of a vehicle that a witness indicated was involved in crime, vehicle was driving in the vicinity of the crime, vehicle was travelling over the speed limit, and driver had committed traffic infraction), *reh'g denied*, *trans. denied*. Hyland's argument is an invitation for us to reweigh the evidence, which we cannot do. *See Lundquist,* 834 N.E.2d at 1067 (appellate court does not reweigh evidence when considering admission of evidence). The trial court did not abuse its discretion

when it admitted evidence collected during Officer Woods' stop of Hyland's vehicle.

### *Sufficiency of Evidence*

[11] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 1995), *reh'g denied*. The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

[12] To prove Hyland committed Level 6 felony resisting law enforcement, the State had to prove Hyland knowingly or intentionally used a vehicle to flee from Officer Woods after she identified herself as a law enforcement officer and ordered him to stop. *See* Ind. Code § 35-44.1-3-1(b)(1) (2014) (elements of Level 6 felony resisting law enforcement). Hyland argues the State did not present sufficient evidence he knowingly or intentionally fled from Officer Woods once she activated her emergency lights and siren because he was unaware she intended to pull him over until right before he stopped.

[13]   Hyland points to what he claims are discrepancies in the video from the dashboard camera in Officer Woods' car. Officer Woods testified she activated her emergency lights after she observed Hyland turn without using a turn signal. The video shows Officer Woods activating her lights, but Hyland's vehicle was not visible at that time. The taillights of his vehicle were visible on the video shortly thereafter, as Hyland made a quick turn onto a side street without using his turn signal. Officer Woods activated her siren. He made another quick turn without using his turn signal before Officer Woods caught up with him at a stop sign. Hyland's argument he was unaware of Officer Woods' intention to stop him is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence or judge the credibility of witnesses).

[14]   Hyland also argues Officer Woods did not have reasonable suspicion to stop him, an argument we rejected in our analysis of the constitutionality of Officer Woods' stop of Hyland's vehicle. As Officer Woods had reasonable suspicion to stop Hyland and he fled from her after she identified herself as a law enforcement officer by activating her emergency lights and siren, we conclude the State presented sufficient evidence to prove Hyland committed Level 6 felony resisting law enforcement. *See Woodward v. State*, 770 N.E.2d 897, 901 (Ind. Ct. App. 2002) (State presented sufficient evidence to support conviction of felony resisting law enforcement where the defendant continued to drive after the officer activated his lights and siren), *reh'g denied*, *trans. denied*.

# Conclusion

[15] The trial court did not abuse its discretion when it admitted evidence of Officer Woods' stop of Hyland's vehicle because Officer Woods had reasonable suspicion to stop Hyland based on the totality of the circumstances. The State also presented sufficient evidence Hyland committed Level 6 felony resisting law enforcement. Accordingly, we affirm.

[16] Affirmed.

Najam, J., and Bailey, J., concur.